[Crim. No. 768.   Third Appellate District.—June 4, 1924.]

THE PEOPLE, Respondent, v. MOCK DON YUEN, Appellant.

[1] CRIMINAL LAW—UNLAWFUL POSSESSION OF COCAINE—PREVIOUS CONVICTION — REFERENCE TO BY DISTRICT ATTORNEY — WANT OF PREJUDICE.—In this prosecution for the unlawful possession of a preparation of cocaine, in which the information charged a prior conviction on the same charge, in view of the fact that the charge of the previous conviction had been read to the jury and frequently alluded to before defendant admitted the same, the district attorney's later reference thereto in his cross-examination of defendant, which was probably inadvertent, could not have prejudiced defendant's rights, especially after the court's admonition to the jury to disregard it.

[2] ID.—VERDICT—EVIDENCE.—In such prosecution, the contention that there was no evidence to sustain the charge of possession of cocaine was without merit, as the evidence not only showed positively that defendant had cocaine in his possession at the time charged, but that at that time he stated to the arresting officer "that he only had a little bit, but he had it for his own use."

[3] ID.—DEGREE OF CRIME—CONSTITUTIONAL LAW.—Section 7 of the state Poison Act (Stats. 1921, p. 978), which provides that upon

---

1.  See 8 Cal. Jur. 621; 2 R. C. L. 242.
3.  See 8 Cal. Jur. 649.

his first conviction of the unlawful possession of forbidden narcotic drugs a defendant shall be deemed guilty of a misdemeanor and that "for the second and each subsequent offense of which said person so convicted shall be found guilty, said person shall be deemed guilty of a felony," is not unconstitutional as an unlawful delegation of legislative power, because of the fact that a second or subsequent offense cannot be punished as a felony unless the indictment or information charges a previous conviction, and the prosecutor has it within his power to omit such charge.

---

(1) 16 C. J., p. 917, sec. 2271, p. 920, sec. 2271. (2) 31 Cyc., p. 899 (Anno.). (3) 12 C. J., p. 847, sec. 329 (Anno.); 16 C. J., p. 1339, sec. 3151, p. 1340, sec. 3151 (Anno.).

APPEAL from a judgment of the Superior Court of Sacramento County. Charles O. Busick, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. Hugh Sydenham and Ralph W. Smith for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—By information filed in the trial court on the fifteenth day of June, 1923, the defendant was accused of the unlawful possession of a preparation of cocaine on the seventh day of June, 1923. The information further charged that on the twenty-seventh day of June, 1923, the defendant was convicted of the crime of the unlawful possession of a preparation of cocaine. The defendant entered a plea of not guilty and denied the prior conviction. During the impanelment of the jury that part of the information which charged the prior conviction was read in the presence of the prospective jurors and frequent reference thereto was made by the district attorney and the court, to all of which counsel for defendant objected. When reference was first made to the prior conviction, during the impanelment of the jury, counsel for defendant said: "We will withdraw our former plea, and we will plead guilty to the former conviction." The court replied: "Then he will have to be rearraigned. He has already been arraigned and entered a plea of not guilty to the former conviction." Throughout the impanelment of the jury counsel for defend-

ant continued to object to any reference to the prior conviction, but made no move to withdraw the denial thereof or to have the defendant admit the same. After the jury was impaneled the clerk proceeded to read the information. It seems then to have been discovered for the first time that the prior conviction was charged in the information to have been had at a time subsequent to the filing thereof. The district' attorney thereupon asked leave to amend the information by changing the date of the prior conviction from June 27, 1923, to June 27, 1922. Counsel for defendant said: "I understand that conforms to the files." The information was amended accordingly. Counsel for defendant said: "Now, we will plead guilty, since it has been corrected," evidently meaning that the defendant would admit the prior conviction. The court answered: "The defendant is the only one that can enter the plea of guilty." A little later the court asked counsel if the defendant desired to withdraw his denial of the prior conviction and admit the same. Counsel replied: "We want to stand as not saying one word. We haven't a word to say; we are in the hands of the court." The district attorney then made his opening statement to the jury, in which he stated that the prosecution expected to prove the alleged prior conviction. Counsel for defendant objected to the statement and assigned it as "prejudicial error." Finally defendant withdrew his denial of the prior conviction and admitted it. Thereafter the district attorney referred to the prior conviction in a question asked the defendant on cross-examination. The court sustained defendant's objection to the question and instructed the jury "to disregard any statement about any prior or previous conviction." The defendant was convicted and prosecutes this appeal from the judgment and the order denying his motion for a new trial.

[1] It is first contended that the foregoing references by the district attorney and the court to the prior conviction constitute prejudicial error. The foregoing statement is a sufficient answer to the contention. Section 1025 of the Penal Code provides that when a defendant is charged "with having suffered a previous conviction," and pleads not guilty, but "answers that he has suffered the previous conviction, the charge of the previous conviction must not be read to the jury, nor alluded to on the trial." Up to the

time that defendant admitted the prior conviction it was proper to allude to the charge thereof and to read it to the jury. In view of the fact that the charge of the previous conviction had been read to the jury and frequently alluded to before the defendant admitted the same, the district attorney's later reference thereto in his cross-examination of defendant, which was probably inadvertent, could not have prejudiced the defendant's rights, especially after the court's admonition to the jury to disregard it.

[2] It is urged that "there is no evidence to sustain the charge of possession" of cocaine. The testimony not only shows positively that defendant had cocaine in his possession at the time charged, but that at that time he stated to the arresting officers "that he only had a little bit, but he had it for his own use."

[3] Section 7 of the act under which defendant was prosecuted provides that upon his first conviction of the unlawful possession of forbidden narcotic drugs a defendant shall be deemed guilty of a misdemeanor and that "for the second and each subsequent offense of which said person so convicted shall be found guilty, said person shall be deemed guilty of a felony." (Stats. 1921, p. 978.) Appellant contends that, since a second or subsequent offense cannot be punished as a felony unless the indictment or information charges a previous conviction, the statute is unconstitutional as a delegation of legislative power to prosecutors to make any given subsequent offense a felony or a misdemeanor by charging or failing to charge the previous conviction. It would be equally as logical to contend that sections 666 and 667 of the Penal Code and all other statutes imposing greater penalties for second offenses are unconstitutional attempts to delegate legislative power. The contention is so patently untenable as to merit no further discussion.

The defendant was given a fair trial and no error appears in the record. If his case was prejudiced by reading the charge of his previous conviction to the jury and by references thereto made by the district attorney and the court, the defendant has only himself to blame therefor, as stated.

The judgment and the order are affirmed.

Plummer, J., and Burroughs, J., *pro tem.,* concurred.