PEOPLE *v* POTTS

1. CRIMINAL LAW—SENTENCE—JUVENILE RECORD.
   A defendant's juvenile record may properly be considered by the trial court in determining the sentence to be imposed.

2. CRIMINAL LAW—PLEA OF GUILTY—ENUMERATION OF RIGHTS.
   Acceptance of a defendant's plea of guilty is valid even though he is not informed of his privilege against self-incrimination, his right to confront his accusers, and his right to a nonjury trial.

Appeal from Van Buren, David Anderson, Jr., J. Submitted Division 3 February 1, 1972, at Lansing. (Docket No. 11797.) Decided February 29, 1972. Reversed, conviction vacated, and remanded to circuit court, 387 Mich 809.

Louis C. Potts was convicted, on his plea of guilty, of aiding a prisoner to escape, as a second offender. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, and *William C. Buhl*, Prosecuting Attorney, for the people.

*Arthur J. Tarnow*, State Appellate Defender, and *David A. Goldstein*, Assistant Defender, for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 56.
[2] 21 Am Jur 2d, Criminal Law § 495.
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

Before: DANHOF, P. J., and T. M. BURNS and VAN VALKENBURG,* JJ.

PER CURIAM. The defendant pled guilty to a charge of aiding a prisoner to escape, MCLA 750-.183; MSA 28.380. After the plea was accepted the prosecutor filed a supplemental information, pursuant to MCLA 769.13; MSA 28.1085, charging the defendant as a second offender. The defendant again pled guilty and a sentence of 7 to 10–1/2 years was imposed. Defendant now appeals and we affirm.

The defendant contends that the trial court erred in considering his juvenile record in sentencing. This was not error. *People* v *Coleman,* 19 Mich App 250 (1969) ; *People* v *Charles Williams,* 19 Mich App 544 (1969).

The defendant contends that reversal is required because he was not informed of his privilege against self-incrimination, his right to confront his accusers, and the right to a nonjury trial. No error occurred, *People* v *Jaworski,* 25 Mich App 540 (1970).

Defendant contends that he was misled regarding the possible sentence. The record is inadequate for appellate determination of this question. Matters of this type should be first raised in the trial court where an evidentiary hearing can be held.

Affirmed.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.