PEOPLE v HILDABRIDLE

1. CRIMINAL LAW—PLEA OF GUILTY—INDUCEMENT—PROMISES.

Failure to keep a promise made by the prosecution, when a guilty plea rests in any significant degree on such a promise, is held to be reversible error.

2. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL—RESENTENCING.

A remand for resentencing is adequate relief where a defendant while attempting to withdraw his plea of guilty freely admitted his guilt and protested only the failure of the prosecution to keep its promises with respect to making no recommendation as to sentencing by later urging the judge to impose a jail sentence on defendant.

3. CRIMINAL LAW—SENTENCING—OTHER CRIMINAL CONDUCT.

When imposing sentence a judge may consider alleged criminal conduct which has not resulted in conviction; however, once a defendant has denied such allegations the sentencing judge may consider such other criminal conduct only if presented with information establishing the validity of the other charges, because due process requires that a sentence not be based upon inaccurate information.

Appeal from Eaton, Willard L. Mikesell, J. Submitted Division 3 December 5, 1972, at Lansing. (Docket No. 13130.) Decided February 22, 1973.

Jeffrey A. Hildabridle was convicted, on his plea of guilty, of conspiracy to receive or aid in the concealment of stolen property. Defendant appeals. Reversed and remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 493, 494.
[2] 21 Am Jur 2d, Criminal Law §§ 503, 506.
[3] 21 Am Jur 2d, Criminal Law § 226.

*Derengoski,* Solicitor General, and *Donald E. Zimmer,* Prosecuting Attorney, for the people.

*Semerly & Theophelis,* for defendant on appeal.

Before: BRONSON, P. J., and R. B. BURNS and DANHOF, JJ.

R. B. BURNS, J. Defendant pleaded guilty to two counts of conspiracy to receive or aid in the concealment of stolen property. MCLA 750.157a; MSA 28.354(1), MCLA 750.535; MSA 28.803. Prior to sentencing, defendant attempted to withdraw his plea, claiming that the prosecution had failed to keep its part of a plea bargain. Defendant was not allowed to withdraw his plea and was sentenced to a prison term of three to five years. He appeals. We reverse and remand for resentencing.

Counsel for defendant alleged that as consideration for defendant's plea the prosecution agreed, among other things, to make no recommendation as to sentence. The prosecution has never denied making such a promise. Counsel for defendant also alleges that several days prior to sentencing, during a conference in chambers, an assistant prosecuting attorney urged the judge to impose a jail sentence on defendant. This allegation has not been denied.

Long before the United States Supreme Court spoke regarding enforcement of plea bargains, the Supreme Court of this state held that when a guilty plea rests in any significant degree on a promise made by the prosecution, failure to keep such a promise is reversible error. *In re Valle,* 364 Mich 471 (1961); *Santobello v New York,* 404 US 257; 92 S Ct 495; 30 L Ed 2d 427 (1971).

When defendant attempted to withdraw his plea he again freely admitted his guilt. He protested

only the failure of the prosecution to keep its promises. Therefore, it is unnecessary to remand this case for trial. A remand for resentencing will be adequate relief. See *People v Eck,* 39 Mich App 176, 178 (1972).

Subsequent to being sentenced defendant filed a motion to have his sentence vacated. An evidentiary hearing was held on the motion. At the hearing the following was established: Shortly before defendant was to be sentenced, the judge who was to pass sentence held an informal conference with defendant's probation officer and two police officers. At this conference the judge was informed that items totalling $40,000 were seized on defendant's premises pursuant to a search warrant. However, the value of stolen goods seized was far less than $40,000. The judge was also informed that other criminal charges were pending against defendant and that defendant had been engaged in other criminal activities for which no criminal complaints had ever been issued. It is not clear how much of this information was in the presentence report and how much was conveyed orally to the judge.

At the hearing defendant protested his innocence of any crimes other than those to which he pleaded guilty.

Due process requires that a sentence not be based upon inaccurate information. When imposing sentence a judge may consider alleged criminal conduct which has not resulted in conviction. However, once a defendant has denied such allegations, the sentencing judge may consider such other criminal conduct only if presented with information establishing the validity of the other charges. *People v Zachery Davis,* 41 Mich App 683 (1972). No such proof was submitted in this case. How-

ever, the sentencing judge stated that he had not been influenced by the allegations of other criminal conduct. We have no reason to doubt his word. We consider this point only for purposes of resentencing.

When defendant is resentenced, the sentencing judge must be presented with accurate information as to the value of stolen property seized on defendant's premises. The sentencing judge may not be presented, in the presentence report or otherwise, with information of other criminal conduct by defendant unless such allegations are amplified by information persuasive of their validity. *United States v Weston,* 448 F2d 626, 634 (CA 9, 1971), relied on in *People v Zachery Davis, supra.* If, in order to comply with this opinion, it is necessary to prepare a new presentence report, it is so ordered.

On remand, the judges of the Fifth Circuit shall be disqualified. The Court Administrator is ordered to assign a judge from another circuit to impose sentence on defendant. GCR 1963, 820.1(7); *People v Eck, supra,* at 179.

Reversed and remanded for further proceedings.

All concurred.