PEOPLE v McGREEVY

CRIMINAL LAW—PLEA OF GUILTY—LESSER INCLUDED OFFENSES—INFOR-
MATIONS—RECHARGE OF OFFENSES—DOUBLE JEOPARDY—CASE
LAW—RETROACTIVE APPLICATION.

A plea of guilty of a lesser included offense did not act as an
implied acquittal of the greater offense, and a subsequent
information again charging the defendant with the greater
offense, after the plea-based conviction had been set aside, did
not constitute double jeopardy where a defendant had been
recharged with the greater offense and had again pled guilty of
the lesser offense before June 18, 1973, a decisional date for a
case which would require a different holding but which has not
been given retroactive application.

Appeal from Macomb, Walter P. Cynar, J. Sub-
mitted Division 2 January 11, 1974, at Lansing.
(Docket No. 16626.) Decided March 6, 1974.

John McGreevy was convicted, on his plea of
guilty, of attempted rape. Defendant appeals. Af-
firmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George N. Parris,*
Prosecuting Attorney, *Thaddeus F. Hamera,* Chief
Appellate Lawyer, and *Stephen F. Osinski,* Assist-
ant Prosecuting Attorney, for the people.

*Maceroni, Maceroni & Alger* (by *Charles
Trickey, III),* for defendant.

Before: QUINN, P. J., and DANHOF and ALLEN,
JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 494.

DANHOF, J. Charged with the crime of forcible rape, MCLA 750.520; MSA 28.788, defendant pled guilty on February 20, 1970 to an added count of attempted rape. MCLA 750.92; MSA 28.287. On defendant's motion, that plea was set aside by the trial court on the basis of *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972). Thereafter, on July 21, 1972, defendant was charged in that same transaction with rape. On November 9, 1972, defendant again pled guilty to an added count of attempted rape. He was sentenced to a term of 3 years, 4 months to 5 years in prison, with credit for time already served. An examination of the record of the second plea reveals that defendant was represented by counsel, was fully advised of his rights under *Jaworski, supra,* and that there was a factual basis for the plea.

Defendant contends that the trial court's acceptance of his first plea to the lesser offense constituted an implied acquittal of the greater offense, and that the second information charging him with rape constituted a violation of his Fifth Amendment right not to be placed twice in jeopardy. Defendant's double jeopardy claim lacks merit in light of our Supreme Court's opinion in *People v McMiller,* 389 Mich 425; 208 NW2d 451 (1973):[1]

"The doctrine of double jeopardy has proper application where the people attempt to retry a defendant for the same offense.

"The doctrine of implied acquittal by a jury's verdict convicting the defendant of a lesser included offense, in our view, is not properly applicable to a guilty plea conviction." 389 Mich at 430; 208 NW2d at 452.

The holding in *McMiller* was based on policy rather than on constitutional considerations:

---

[1] Certiorari denied, 414 US 1080; 94 S Ct 599; 38 L Ed 2d 486 (1973).

"For these reasons we hold that upon the acceptance of a plea of guilty, as a matter of policy, the state may not thereafter charge a higher offense arising out of the same transaction." 389 Mich at 434; 208 NW2d at 454.

The issue remains, however, whether this holding should be applied to defendant's case where a guilty plea to a lesser offense has been set aside, defendant has been recharged with the greater offense and has again pled guilty to the lesser offense before the June 18, 1973 decisional date of *McMiller. McMiller* is silent on the issue.

In *People v Hampton,* 384 Mich 669; 187 NW2d 404 (1971), it was noted that the Supreme Court is under no constitutional compulsion to apply a decision either prospectively or retroactively. Courts should proceed on the basis of a factor analysis looking to (1) the purpose of the new rule, (2) the extent of reliance on the old rule, and (3) the effect on the administration of justice. An important consideration is whether the integrity of the fact-finding process itself is in question. *Jaworski, supra,* even though based on constitutional considerations,[2] has not been given fully retroactive application. *People v McMillan,* 389 Mich 114; 204 NW2d 682 (1973).

Applying these considerations to the case at bar, we are of the opinion that defendant is not entitled to have his second plea of guilty set aside. As we read *McMiller, supra,* the Supreme Court's policy decision was tied closely to the adoption of GCR 1963, 785.1 *et seq.* which became effective June 1, 1973. The Court recognized that its holding would deprive "the prosecutor of leverage he otherwise would have in further plea bargaining upon reprosecution". 389 Mich at 432; 208 NW2d

---

[2] *See, however, People v Kuchulan,* 390 Mich 701, 704; 213 NW2d 95, 96 (1973).

at 453. The Court was, however, of the opinion that the prosecutor could "protect himself against being forced to try a defendant on a lesser offense by calling the attention of the judge, before he accepts a plea of guilty, to any failure to comply with the prescribed procedure for taking such a plea". 389 Mich at 434; 208 NW2d at 454. As of the date of the filing of the second information, it had been the holding of this Court that there was no bar to reprosecution on a greater offense. *People v Harper,* 32 Mich App 73; 188 NW2d 254 (1971). As has been previously stated, defendant's second plea was in full conformity with *Jaworski, supra,* as well as statute and court rule in effect as of the date of its acceptance.

Affirmed.

All concurred.