PEOPLE v POTTS

Opinion of the Court

1. Witnesses—Criminal Law—Accomplices—Indorsed Witnesses—Calling Witnesses.

The prosecution is not required to call accomplices, even though indorsed upon the information (MCLA 767.40).

2. Criminal Law—Evidence—Judge's Comments—Accurate Representation.

A trial judge, if he elects to comment on the evidence, must take great pains to make sure his comment is at least an accurate representation of the subject; the review should be fair and impartial.

3. Escape—Aiding Escape From Prison—General Intent—Statutes.

A general intent is required by a section of the statute which provides that it shall be a crime for any person to aid or assist another in his escape from any jail or prison; general intent in

References for Points in Headnotes

[1] 41 Am Jur 2d, Indictments and Informations §§ 55, 56, 60.

[2] 53 Am Jur, Trial §§ 78, 587.
Scope and application of rule which permits judge in criminal case to comment on weight or significance of evidence. 95 ALR 785, s. 113 ALR 1308.

[3] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue §§ 3, 5.

[4] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 18 et seq.

[5] 21 Am Jur 2d, Criminal Law §§ 349–354, 356, 360.
58 Am Jur, Witnesses § 36 et seq.

[6] 20 Am Jur 2d, Courts §§ 233–236.

[7] 41 Am Jur 2d, Indictments and Informations § 171 et seq.
Power of court to make or permit amendment of indictment. 17 ALR3d 1181.

[8] 21 Am Jur 2d, Criminal Law §§ 303, 324, 337, 584, 585.
Defendant's right to disclosure of presentence report. 40 ALR3d 681.
Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant. 96 ALR2d 768.

[9] 21 Am Jur 2d, Criminal Law § 484 et seq.

this context refers to the doing of a voluntary act which in fact aids or assists in the escape of another (MCLA 750.183).

4. ESCAPE—AIDING ESCAPE FROM PRISON—INSTRUCTIONS TO JURY—INTENT—GENERAL INTENT.

Sufficient instructions were given to the jury as to the intent required for conviction of aiding or assisting a prisoner to escape where the court stated that it was sufficient if defendant acted knowingly and intentionally and his act did in fact aid or assist the prisoner in his attempt to escape, and that if the jury found that defendant assaulted the jail turnkey and that the natural and ordinary consequence of his assault would be to assist the prisoner in an attempted escape, the jury could presume that the assault was made with the intent to aid or assist the prisoner's attempt to escape (MCLA 750.183).

5. CRIMINAL LAW—PRIVILEGE—SELF-INCRIMINATION—INSTRUCTIONS TO JURY—REQUESTED INSTRUCTIONS.

It was proper for the trial judge to give the usual charge relating to a defendant who has not taken the stand where he was requested to give the instruction by counsel for the defense and did not give it *sua sponte;* had the court not given the instruction when requested it would have been reversible error.

6. CRIMINAL LAW—PLEA OF GUILTY—CASE PRECEDENT—RETROACTIVITY.

There was no error in accepting a criminal defendant's plea of guilty to a charge of a lesser offense in a supplemental information after an agreement to drop a more serious charge in an earlier information where the plea was accepted before the decision in a case on which defendant relies and that case would seem to be in point except that it is not retroactive.

7. CRIMINAL LAW—REPEATING OFFENDER—SUPPLEMENTAL INFORMATION—STATUTES—POLICE POWER—ADDITIONAL CRIMINAL ACTIVITY.

The statutes providing for prosecution of a repeating offender by supplemental information are constitutional and are not cruel and unusual; the state has a right to protect its citizens from persons who continue to engage in criminal activities, and the statutes are based upon additional particular acts of criminal activity and, thus, are not directed toward the status of being an habitual criminal (MCLA 769.10; 769.13).

8. CRIMINAL LAW—SENTENCING—PRESENTENCE REPORT—PENDING CHARGES.

A sentencing judge is entitled to review a presentence report

giving the defendant's background concerning his antecedents, character and circumstances, and where the judge had knowledge of a pending trial and a pending· charge against the defendant in other courts and the defendant admitted that both the trial and the charge were indeed pending, an assertion that the trial judge relied upon improper criteria must fail; the sentence need not be vacated when there is no showing that the trial judge relied upon the pending charges when sentencing.

DISSENT BY T. M. BURNS, J.

9. CRIMINAL LAW—PLEA OF GUILTY—ADDITIONAL CHARGES—COERCION.

*A criminal defendant could have been improperly coerced and induced to plead guilty to a supplemental information as a second offender where, after his guilty plea was set aside, the defendant was not only recharged with the original offenses but where the prosecutor also brought additional charges against the defendant in the form of an amended supplemental information; thus, upon remand from his successful appeal, defendant was faced with an additional charge that had never been presented at the original proceedings.*

Appeal from Van Buren, David Anderson, Jr., J. Submitted Division 3 June 6, 1974, at Grand Rapids. (Docket No. 17275.) Decided September 25, 1974.

Louis C. Potts was convicted of aiding a prisoner to escape from a county jail and, on his plea of guilty, of being a second offender. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William C. Buhl,* Prosecuting Attorney, and *Richard L. Halpert,* Chief Assistant Prosecutor, for the people.

*Francis Zebot,* Assistant State Appellate Defender, for defendant.

Before: HOLBROOK, P. J., and T. M. BURNS and R. L. SMITH,* JJ.

HOLBROOK, P. J. On February 3, 1971, the defendant was charged with aiding a prisoner, namely one Weldon Fossey, to escape from the Van Buren County Jail. MCLA 750.183; MSA 28.380. On February 9, the defendant was charged as a second offender in a supplemental information. MCLA 769.10; MSA 28.1082 and MCLA 769.13; MSA 28.1085. Defendant pled guilty to both charges and was sentenced to 7 to 10-1/2 years in prison.

Thereafter, appeal was had. This Court affirmed, 39 Mich App 104; 197 NW2d 139 (1972). However, the Supreme Court, by order, granted leave, vacated the judgment, and remanded to the circuit court for further proceedings "consonant with *People v Jaworski*", 387 Mich 21; 194 NW2d 868 (1972). Upon remand, at arraignment, the defendant stood mute and a plea of not guilty was entered. An amended supplemental information was filed on August 7, 1972, which charged defendant as a fourth felony offender. MCLA 769.12; MSA 28.1084.

On August 9, the people filed a motion to strike the name of Weldon Fossey from the list of witnesses indorsed on the information. The people alleged that Fossey was an accomplice and was outside of the state. The motion was granted and an order in accord was entered striking the name on September 8, 1972.

Trial proceeded on December 6, and defendant was convicted by a jury of aiding an escape. On December 21, another supplemental information was filed which recited that the recent conviction

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

was defendant's second. Defendant pled guilty to this charge and the previous amended supplemental information charging him as a fourth offender was dismissed. Defendant was sentenced to 7 to 10-1/2 years in prison.

Defendant here appeals as of right and sets out a number of issues which will be dealt with in proper order.

I

Defendant asserts that the trial court erred in granting the prosecution's motion to strike the witness Fossey from the information on the basis that there is not an absolute accomplice exception to MCLA 767.40; MSA 28.980, and that under the circumstances of this case the interests of justice would have been served by the production of the witness. Further, defendant asserts that an accomplice that has been voluntarily indorsed cannot be striken solely on the basis of the so-called accomplice exception. The statute provides:

"All informations shall be filed in the court having jurisdiction of the offense specified therein, after the proper return is filed by the examining magistrate, by the prosecuting attorney of the county as informant; he shall indorse thereon the names of the witnesses known to him at the time of filing the same. The information shall be subscribed by the prosecuting attorney or in his name by an assistant prosecuting attorney. Names of additional witnesses may be indorsed before or during the trial by leave of the court and upon such conditions as the court shall determine."

It is a settled rule of law that the prosecution is not required to call accomplices, even though indorsed upon the information. See *People v Virgil Brown,* 15 Mich App 600, 603; 167 NW2d 107, 108

(1969), and cases cited therein; and *People v Margaret Jones,* 48 Mich App 334, 339–340; 210 NW2d 396, 398–399 (1973), wherein Judge BRONSON wrote:

"We find no need for the accomplice to be formally charged before the accomplice exception is applicable. *Cf. People v Raider,* 256 Mich 131; 239 NW 387 (1931); *People v Moore,* 29 Mich App 597; 185 NW2d 834 (1971); *People v Peck,* 39 Mich App 150; 197 NW2d 346 (1972)." [See also *People v Threlkeld,* 47 Mich App 691, 696; 209 NW2d 852, 855 (1973).]

and

"After reviewing the cited authorities, we recognize the persuasive appeal of defendant's argument. Due to the duration of controlling precedents we decline defendant's invitation to establish a new rule of law. This argument is more properly addressed to our Supreme Court. See, *e.g., People v Henderson,* 47 Mich App 53; 209 NW2d 326 (1973)."

We agree that defendant's argument is more properly directed to the Supreme Court, rather than our Court. See also *People v Mitchell,* 48 Mich App 361, 363; 210 NW2d 509, 510 (1973); and *People v Irwin,* 47 Mich App 608, 610; 209 NW2d 718, 720 (1973). As an intermediate court we are constrained to follow precedent. As to this issue the precedent is clear, namely, that the prosecution was under no duty to call the witness Fossey, notwithstanding having indorsed him on the information.

## II

The defendant next asserts that the trial court erred in its comments on the evidence to the jury in that it failed to point out conflicting prosecution

evidence and misrepresented the defendant's position.

"The people claim that about 2:30 in the afternoon Mr. Vorpagel was taken to the visitors' room by David McGuire, the turnkey; that after visiting with his relatives, Mr. Vorpagel was returned to cell block 9 by Mr. McGuire, and that as Mr. McGuire opened the door to return Mr. Vorpagel to the cell, defendant and Mr. Fossey assaulted and beat Mr. McGuire, rendering him unconscious, and that defendant and Mr. Fossey then went to the visitors' room and escaped through the window. It is the claim of the people that defendant by joining in an assault on the turnkey assisted in rendering the turnkey unconscious and thereby assisted and aided Mr. Fossey in his escape as well as procuring his own escape from the jail.

"The defendant denies his guilt and asserts his innocence. He says that on the day in question he was confined in the jail and that he saw an opportunity to escape from jail and availed himself of that opportunity. He says that he did not aid or assist Mr. Fossey in any way, nor did he intend to aid or assist Mr. Fossey to escape, and that whatever he did was done solely to effect his own escape from jail, and did not in fact assist in Mr. Fossey's escape or his attempt to escape."

If a judge elects to comment on the evidence, "he must take great pains to make sure his comment is at least an accurate representation of the subject". *People v King,* 384 Mich 310, 315; 181 NW2d 916, 918 (1970). The review should be fair and impartial. *People v Wichman,* 15 Mich App 110, 115; 166 NW2d 298, 301 (1968). We find the trial court's comments to be fair, impartial and accurate.

### III

The defendant asserts that the instructions as to

the required intent were insufficient. The jury was instructed:

"It is not necessary to show that there was a prior agreement or conspiracy between Mr. Fossey and the defendant, nor is it necessary to show that defendant's acts were done for the express and sole purpose of aiding Mr. Fossey in his attempt to escape.

"It is sufficient if defendant acted knowingly and intentionally, and if his act did in fact aid or assist Mr. Fossey in his attempt to escape.

"In determining intent, you may determine the intent with which an act was done by any evidence in the case which fairly establishes its existence. In the absence of any reasonable explanation to the contrary, a person is considered to intend the natural and ordinary consequences of his act. Thus, in this case, if you find that defendant assaulted David McGuire, and that the natural and ordinary consequences of his assault on McGuire would be to assist Mr. Fossey in an attempted escape, you may presume that the assault was made with the intent to aid or assist Mr. Fossey's attempt to escape."

The statute provides:

"Any person who shall convey into any jail, prison, or other like place of confinement, any disguise or any instrument, tool, weapon or other thing, adapted or useful to aid any prisoner in making his escape, with intent to facilitate the escape of any prisoner there lawfully committed or detained, *or shall by any means whatever, aid or assist any such prisoner in his endeavor to make his escape therefrom,* whether such escape be affected or attempted, or not, and every person who shall forcibly rescue any prisoner, held in custody upon any conviction or charge of an offense, shall be guilty of a felony, * * * ." (Emphasis supplied.) MCLA 750.183, *supra.*

In *People v Vraniak,* 5 Ill 2d 384, 390–391; 125

NE2d 513, 517 (1955), the Illinois Supreme Court
was faced with a similar issue. The Court wrote:

"When the rule of the cited cases is applied to the
statute under consideration, it is clear that it was the
legislative purpose and intent that the crime defined
would be committed in any one of three ways: (1) by
conveying an instrument into a place of confinement
*with the intent* to facilitate a prisoner's escape; (2) by
aiding a prisoner to escape or attempt to escape; or (3)
by concealing or assisting a prisoner after he has so
escaped. Intent is an element of only the first. Since the
defendant was here indicted and tried for 'aiding, abet-
ting, and assisting' in an attempted escape, intent was
not a material element of the crime and need not have
been alleged.

"Next, defendant argues in several different ways
that the 'Aiding Escape Statute' is unconstitutional
because it punishes only the aider, and not the escapee.
It is urged that this creates an arbitrary and unreason-
able classification. Although arbitrary and capricious
legislation is prohibited, a reasonable classification
based upon some natural principle of public policy will
be sustained. *People v Gordon,* 274 Ill 462; 113 NE 864
(1916). An equally familiar point of decision is that it is
strictly within the province of the legislature to declare
what conduct shall or shall not be punished. *People v
Nicholson,* 401 Ill 546; 82 NE2d 656 (1948); *People v
Hawkinson,* 324 Ill 285; 155 NE 318 (1927). By the
statute under which defendant was charged, the legisla-
ture saw fit to provide punishment for the person
aiding an escape, but not the one aided. When it is
considered that the danger of escape is considerably
increased by outside intervention or internal collusion
by persons other than the prisoner, thus rendering
inadequate protective measures which would otherwise
be sufficient, we think it only natural and reasonable
that the legislature made the classification it did in
seeking to combat the increased dangers of escape.
There being a substantial rather than a fancied differ-
ence between the policy to be subserved in punishing
those aiding an escape, as distinguished from those who
were aided, we must conclude that the classification is

neither arbitrary, discriminatory nor unreasonable."
(Emphasis in original.)

In *State v Cooper,* 113 NJ Super 34, 38; 272 A2d
557, 559 (1971), the defendant had been convicted
of aiding and assisting escape. Upon appeal, his
conviction was affirmed. The Court wrote:

"NJSA 2A:104-7 provides in part:
" 'Any person who aids or assists a prisoner in any
jail * * * to make or attempt to make his escape from
any such institution * * * is guilty of a misdemeanor.'
"To be guilty of this provision it is not necessary to
show that a defendant actually participated in an es-
cape or that he intended to aid an escape. *The state
need not allege or prove a specific intent.*
"In *People v Vraniak,* 5 Ill2d 384; 125 NE2d 513
(1955), *cert den* 349 US 963; 75 S Ct 895; 99 L Ed 1285
(1955), the Court in construing a similar statute held
that 'intent was not a material element of the crime
and need not have been alleged.' 125 NE2d at 517. In a
later *habeas corpus* proceeding, *United States ex rel
Vraniak v Randolph,* 261 F2d 234 (CA 7, 1958), *cert den*
359 US 949; 79 S Ct 733; 3 L Ed 2d 681 (1959), the
Circuit Court of Appeals agreed with the Illinois Su-
preme Court's analysis of the statute there involved,
* * * ." (Emphasis supplied.)

General intent in this context refers to the doing
of a voluntary act which in fact aids or assists the
escape of another. Here, the defendant, whether
attacking the guard first or later, was doing a
voluntary act with what must have been a known,
substantial, and unjustifiable risk that another
would escape.

We find this section of the statutory crime to
demand a general intent and, thus, our finding
gives effect to what we perceive the legislative
intent to be. See *Aikens v Dept of Conservation,*
387 Mich 495, 499; 198 NW2d 304, 306 (1972);

*Magnuson v Kent County Board of Canvassers,* 370 Mich 649, 657; 122 NW2d 808, 812 (1963); *Kizer v Livingston County Board of Commissioners,* 38 Mich App 239, 246; 195 NW2d 884, 887 (1972). *Cf. Papachristou v Jacksonville,* 405 US 156, 162; 92 S Ct 839, 843; 31 L Ed 2d 110, 115 (1972).

## IV

The defendant next asserts that the trial court committed reversible error by *sua sponte* instructing the jury as to defendant's failure to testify.

In the record the following appears:

"I wish the record also to show that prior to instructions I inquired of counsel for the defendant if he wished me to give the usual charge relating to a defendant who has not taken the stand and testified in his own behalf. And Mr. Smith advised me that he did request that instruction be given, and it was so given.

"Mr. Smith: Thank you, your Honor."

This passage readily reveals that not only did the court not make the instruction *sua sponte,* but it was requested. In light of these facts, had the court not given the instruction, it would have been reversible error. See *People v Moore,* 39 Mich App 329, 333–335; 197 NW2d 533, 535–536 (1972). Thus, there has been no derogation of the mandate of *Griffin v California,* 380 US 609; 85 S Ct 1229; 14 L Ed 2d 106 (1965).

## V

Fifthly, the defendant asserts that the addition of the amended supplemental information charging the defendant as a fourth offender improperly coerced and induced defendant to plead guilty to

the supplemental information charging him as a second offender.

In *People v McMiller,* 389 Mich 425; 208 NW2d 451 (1973), the Supreme Court granted leave "to consider the implications of the setting aside of a plea of guilty to a lesser offense and putting the defendant on trial for a higher offense". The Court found that the doctrine of double jeopardy has proper application where the people attempt to retry a defendant for the same offense, and said that:

"Allowing trial on a higher charge following reversal of a plea-based conviction of a lesser offense would (1) discourage exercise of the defendant's right to appeal a conviction claimed to be based on an improperly accepted plea, and (2) tend to insulate from appellate scrutiny noncompliance with the guilty plea procedure established by the statute and the court rule.

* * *

"We balance these considerations against the danger that reprosecuting on higher charges those who successfully appeal from plea-based convictions and imposition of sentence based on the higher charge, will cause convicted persons to forego legitimate appeals and thereby encourage a return to practices which the carefully worked out guilty-plea procedures are designed to obviate." 389 Mich 432, 433; 208 NW2d 453.

*Pro forma,* McMiller would seem in point except that it has been found to be not retroactive. *People v McGreevy,* 52 Mich App 52; 216 NW2d 623 (1974).[1] *McMiller* was decided June 18, 1973. De-

---

[1] We are mindful of *People v Goins,* 54 Mich App 456; 221 NW2d 187 (1974), in which *People v McGreevy,* 52 Mich App 52; 216 NW2d 623 (1974), was held to be distinguishable and not controlling. We, however, feel that *Goins* is distinguishable on its facts and that the proper determination in this case rests in *McGreevy.*

We note that in *People v McMiller,* 389 Mich 425, 431; 208 NW2d 451, 453 (1973), the Court said:

"[F]or *policy reasons* we forbid adversary procedure to expose a

fendant was convicted on December 6, 1972. Thus, we perceive no reversible error here present.

## VI

Next the appellant asserts that the Michigan supplemental information statutes, MCLA 769.10; MSA 28.1082; MCLA 769.13; MSA 28.1085, are unconstitutional as violations of equal protection and double jeopardy, and are cruel and unusual punishment. The statutes in question provide that:

"A person, who after having been convicted within this state of a felony, or an attempt to commit a felony, or, under the laws of any other state, government or country, of a crime which if committed within this state, would be a felony, commits any felony within this state, is punishable upon conviction as follows: If the subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then such person may be placed on probation or sentenced to imprisonment for a term not more than 1-1/2 times the longest term prescribed for a first conviction of such offense or for any lesser term in the discretion of the court; if the subsequent felony is such that, upon a first conviction the offender might be punished by imprisonment for life then such person may be placed on probation or sentenced to imprisonment for life or for any lesser term in the discretion of the court." MCLA 769.10, *supra.*

"If at any time after conviction and either before or after sentence it shall appear that a person convicted of a felony has previously been convicted of crimes as set

person to conviction for a higher offense when the independent fact finder has chosen to find him guilty of a lesser offense. We express this policy in terms of 'double jeopardy' although strictly speaking this is an extension of the doctrine of *autrefois acquit.*" (Emphasis in original.) We find that, as based upon *policy* considerations, it should be applied prospectively. Moreover, to apply *McMiller* retroactively would have a detrimental effect on the administration of justice, which is one of the criteria in determining retroactivity. See *People v Gaines,* 53 Mich App 443, 450–451; 220 NW2d 76 (1974), and cases cited therein.

forth in any of the 3 foregoing sections, the prosecuting attorney of the county in which such conviction was had, in his discretion, may file a separate or supplemental information in such cause accusing the said person of such previous convictions. Whereupon the court in which such conviction was had shall cause the said person whether confined in prison or otherwise, to be brought before it and shall inform him of the allegations contained in such information, and of his right to be tried as to the truth thereof according to law, and shall require such offender to say whether he is the same person as charged in such information or not. If he says he is not the same person, or remains silent, the court shall enter a plea of not guilty, and a jury of 12 jurors shall be empanelled from the petit jurors serving at the then or a following term of said court to determine the issues raised by such information and plea. The accused may waive trial by jury in the manner provided by this act. The usual practice in the trial of criminal cases shall be followed in the empanelling of such jury and the trial of said issue and the prosecuting officer and the accused shall each be allowed 5 peremptory challenges. If the accused shall plead guilty to such information or if the jury shall return a verdict of guilty, the court may sentence him to the punishment prescribed in the 3 preceding sections, as the case may be, and shall vacate the previous sentence, deducting from the new sentence all time actually served on the sentence so vacated if required. Whenever it shall become known to any warden, or prison, probation, parole, or other peace officer that any person charged with or convicted of a felony has been previously convicted within the meaning of the 3 preceding sections, it shall become his duty forthwith to report the facts to the prosecuting attorney of the county in which such person is charged or was sentenced." MCLA 769.13, *supra.*

In *In re Pardee,* 327 Mich 13, 18; 41 NW2d 466, 468 (1950), the Supreme Court said:

"Petitioner also urged that the information charging him as a third offender violates the Federal and State

Constitutions in that it charged him with an offense for which he had paid with time served on the other 2 charges. Petitioner was sentenced under and by virtue of the habitual criminal act. The constitutionality of such act was upheld in *People v Palm,* 245 Mich 396; 223 NW 67 (1929)."

In *People v Birmingham,* 13 Mich App 402, 407–410; 164 NW2d 561, 563–565 (1968), this writer said:

"We find that under the general rule just stated and under the laws of our state, a prosecuting attorney is required to exercise proper discretion in his duties, and this precludes his acting by reason of caprice or in such a manner as to result in invidious discrimination against persons or groups.

"The defendant cites the cases of *Griffin v Illinois,* 351 US 12; 76 S Ct 585; 100 L Ed 891; 55 ALR2d 1055 (1956); *Cox v Louisiana,* 379 US 536; 85 S Ct 453; 13 L Ed 2d 471 (1965); and *McLaughlin v Florida,* 379 US 184; 85 S Ct 283; 13 L Ed 2d 222 (1964) as authority for the position that the constitutional guarantee of due process and equal protection requires procedures in criminal trials which allow no invidious discrimination. We agree with these cases but fail to find them applicable to the case at hand.

"There have been several cases more directly in point from other jurisdictions that indicate to the Court the constitutionality of the habitual criminal act. In *People v Johnson,* 412 Ill 109, 114; 105 NE2d 766, 768 (1952), it is stated:

" 'Defendant lastly contends that the act violates constitutional requirements of due process and equal protection of the law by leaving it within the discretion of the state's attorney whether to allege the prior convictions in the indictments. He refers to several purported instances of second or third offenders who were not sentenced under the habitual criminal act, and argues that the act illegally delegates to a public official the power to decide which of the repeating offenders shall be subject to the heavier punishment

under the act. We considered a similar contention in
*People v Hanke,* 389 Ill 602; 60 NE2d 395 (1945), and
found it to be clearly without merit. It need not be
further discussed here.'

In *Sanders v Waters,* 199 F2d 317, 318 (CA 10, 1952), it
is stated:

" 'Further contention is made that the statute vio-
lates the equal protection clause of the Fourteenth
Amendment to the Constitution because some defend-
ants with prior convictions are prosecuted under the
statute and some are not. The contention is without
merit. The statute applies equally and impartially to all
persons who are charged under it. The fact that indict-
ments or informations do not always charge a violation
of the habitual criminal statute where the accused has
had prior felony convictions, does not affect the validity
of the statute. *Saunders v Lowry,* 58 F2d 158 (CA 5,
1932).'

In 116 ALR 209, annotation Constitutionality and con-
struction of statute enhancing penalty for second or
subsequent offense, p 214, it is stated in part as follows:

" 'The contention that the Kansas statute permitted
arbitrary and unreasonable discriminations in its en-
forcement was also overruled in *Levell v Simpson,* 142
Kan 892; 52 P2d 372 (1935) (appeal dismissed for want
of a substantial Federal question in 297 US 695; 56 S Ct
503; 80 L Ed 986 [1936]), rehearing denied in 297 US
728; 56 S Ct 592; 80 L Ed 1011 (1936), and also in
*Glover v Simpson,* 144 Kan 153; 58 P2d 73 (1936)
(appeal dismissed in 299 US 506; 57 S Ct 34; 81 L Ed
375 [1936]).'

In 58 ALR 20, annotation Constitutionality and con-
struction of statute enhancing penalty for second or
subsequent offense, it is stated (p 29) as follows:

" 'Only one case has been found in which a statute of
the character considered herein was attacked as a
delegation of legislative power to the prosecutor, and in
that case the statute was held to be valid. In *People v
Mock Don Yuen,* 67 Cal App 597; 227 P 948 (1924), it
appeared that the section of the act under considera-
tion, or under which the defendant was prosecuted,
provided that, upon the first conviction of the offense of

unlawful possession of forbidden narcotic drugs, the defendant should be deemed guilty of a misdemeanor, and that, "for the second and each subsequent offense of which said person so convicted shall be found guilty, said person shall be deemed guilty of a felony." The contention was that, since the second offense could not be punished as a felony unless the prior conviction was alleged in the indictment or information, then the prosecutor would have it arbitrarily within his discretion to punish the prisoner for a felony or misdemeanor by merely inserting or leaving out the fact of a prior conviction; and that therefore the statute was unconstitutional. The court held that such contention was so patently untenable as to merit no further discussion.'

In *Rockower v Sullivan,* 50 NYS2d 858 (NY Sup Ct, 1944), in the first headnote it states as follows:

" 'Where defendant has been convicted under indictment charging two prior offenses, statutes authorizing district attorney to file an information charging an additional prior offense, and thereby to seek to have defendant sentenced as a fourth offender rather than as a third offender, are not arbitrary or unreasonable, or violative of due process as giving district attorney power to arbitrarily exercise discretion, or a denial of equal protection of the law as discriminating against defendant. Penal Law, §§ 1941–1943; NY Const, art 1, § 6; USCA Const Amends 5, 14.'

"We conclude that the discretion granted the prosecuting attorney, a *quasi*-judicial officer, under the Michigan habitual criminal act is not unconstitutional under the Fourteenth Amendment to the United States Constitution or the Michigan Constitution, 1963, art 1, § 2."

For the assertion that the statutes are cruel and unusual, the defendant has relied on *Robinson v California,* 370 US 660; 82 S Ct 1417; 8 L Ed 2d 758 (1962). This reliance is misplaced. See *People v Hendrick,* 52 Mich App 201, 209; 217 NW2d 112, 116 (1974), wherein Judge T. M. BURNS, as concurred in by this writer, said:

"Thus, the habitual criminal statute merely makes

more severe the punishment of a felon after conviction and does not come within the purview of *Robinson v California, supra.* Cases in virtually all jurisdictions have consistently upheld the constitutionality of such statutes. Defendant's argument is without merit."

See also *Powell v Texas,* 392 US 514, 531–532; 88 S Ct 2145, 2153–2154; 20 L Ed 2d 1254, 1267 (1968).

We here find that the Michigan statutes in question are constitutional and are not cruel and unusual in that the state has a right to protect its citizens from individuals who continue to engage in criminal activities. Moreover, the statutes are based upon additional particular acts of criminal activity and, thus, are not directed toward the status of being an habitual criminal.

## VII

Lastly, the defendant asserts that the trial court used improper criteria in sentencing him. The trial court referred to a trial pending in Benton Harbor, Michigan, and a charge of armed robbery pending in South Bend, Indiana. In *People v Grimmett,* 388 Mich 590, 608; 202 NW2d 278, 287 (1972), the Supreme Court said:

"The trial court, of course, has wide latitude in sentencing a defendant. The court may consider a defendant's previous convictions, public records concerning the defendant, or even defendant's admissions to the court. *People v Losinger,* 331 Mich 490; 50 NW2d 137 (1951); *cert den* 343 US 911; 72 S Ct 644; 96 L Ed 1327 (1952)."

Due process requires that a sentence be based upon accurate information. *People v Hildabridle,* 45 Mich App 93, 95; 206 NW2d 216, 217 (1973), wherein Judge R. B. BURNS wrote:

"When imposing sentence a judge may consider alleged criminal conduct which has not resulted in conviction. However, once a defendant has denied such allegations, the sentencing judge may consider such other criminal conduct only if presented with information establishing the validity of the other charges. *People v Zachery Davis,* 41 Mich App 683; 200 NW2d 779 (1972)."

In the present case the defendant responded that both the trial and the charge were indeed pending; that is to say that no denial was made. Therefore, the assertion that the trial court relied upon improper criteria must fail.

A sentencing judge is entitled to review a presentence report giving the defendant's background concerning his antecedents, character and circumstances. *People v LaPine,* 47 Mich App 553, 556; 209 NW2d 726, 727–728 (1973). This writer there wrote:

"Presentence reports have been held to be inaccurate where (1) a conviction was referred to which was later found to be constitutionally infirm, *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972); (2) a trial court referred to and considered pending charges against a defendant in passing sentence. *People v Zachery Davis,* 41 Mich App 683; 200 NW2d 779 (1972); *People v Dorsey,* 45 Mich App 230; 206 NW2d 459 (1973); and (3) other offenses were considered and denied by the defendant without proof that defendant had in fact committed such offenses, *People v Davis, supra; People v Hildabridle,* 45 Mich App 93; 206 NW2d 216 (1973)."

\* \* \*

"Accuracy of information in the presentence report is the test. *United States v Tucker, supra; People v Malkowski,* 385 Mich 244; 188 NW2d 559 (1971); and *People v Zachery Davis, supra.* Where there is no denial of criminal involvement, as contained in the presentence report, and no contention that the report is inaccurate

or unreliable or proof of any other infirmity, the report is subject to inquiry, review and consideration by the sentencing judge."

See, generally, *People v Lee,* 391 Mich 618, 631–639; 218 NW2d 655, 661–665 (1974).

In order to properly designate punishment for an individual, which should indeed be individualized, we feel that the trial judge should have at hand the broadest possible accurate information. In the present case no denial was made of the pending charges, and there is no showing that the trial court relied upon them. Therefore, as no error has been presented, there is no merit in defendant's assertion that the sentence should be vacated.

Affirmed.

R. L. SMITH, J., concurred.

T. M. BURNS, J. *(dissenting).* I cannot agree with my colleagues that the addition of the amended supplemental information charging defendant as a fourth offender did not improperly coerce or induce him to plead guilty to the supplemental information charging him as a second offender.

The majority admits that *"Pro forma, McMiller* would seem in point", but then concludes that the holding in *McMiller* is not to be applied retroactively, citing *People v McGreevy,* 52 Mich App 52; 216 NW2d 623 (1974).

In my opinion, *McGreevy* is distinguishable on its facts and is thus inapplicable. In *McGreevy,* a guilty plea to a lesser offense had been set aside, the defendant was recharged with the greater offense and again pled guilty to the lesser offense. In the instant case, after his guilty plea was set aside, not only was defendant recharged with the

original offense and its corresponding supplemental information, but the prosecutor also brought additional charges against the defendant in the form of an amended supplemental information. Thus, upon remand from his successful appeal, defendant was faced with an additional charge that had never been presented at the original proceedings.

I believe that the holding in *McGreevy* should be confined to its facts. In support of this position, see my opinion in *People v Goins,* 54 Mich App 456; 221 NW2d 187 (1974), in which the Court distinguished *McGreevy* and concluded that *McMiller* applied retroactively to the defendant's case. I would likewise apply *McMiller* here.

I would reverse defendant's conviction on the supplemental information and remand for a new trial.