## PEOPLE v WINFREY

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—ASSISTANCE OF COUNSEL.

   The summary manner in which defendant's expressed efforts to obtain an attorney were dismissed at his preliminary examination, although effectively denying him his constitutional right to assistance of counsel, did not constitute reversible error where at his circuit court arraignment defendant was informed of his right to counsel and was afforded the opportunity to obtain counsel to represent him in further proceedings, but did not avail himself of that opportunity, and expressed willingness to proceed with trial *in propria persona.*

2. CRIMINAL LAW—ASSISTANCE OF COUNSEL—WAIVER.

   Trial judges must provide a defendant charged with a felony with the opportunity to request counsel, but when a defendant has been informed of his right to counsel and has been given an opportunity to request counsel, and declines to make that request and proceeds to trial *in propria persona,* he had effectively waived his right to counsel.

3. CRIMINAL LAW—ASSISTANCE OF COUNSEL—PRELIMINARY EXAMINATION—FAILURE TO OBJECT—WAIVER.

   Defendant's failure to object, prior to or during his trial, to the district court's error in not affording him sufficient opportunity to obtain counsel for his preliminary examination constituted a waiver of his right to counsel.

Appeal from Macomb, Howard R. Carroll, J. Submitted Division 2 May 3, 1972, at Lansing. (Docket No. 12425.) Decided May 26, 1972.

Gregory L. Winfrey was convicted of forgery and of uttering and publishing a forged check. Defendant appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law § 313 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Don L. Milbourn,* Assistant Prosecuting Attorney, for the people.

*James Scandirito,* for defendant on appeal.

Before: QUINN, P. J., and FITZGERALD and VAN VALKENBURG,* JJ.

FITZGERALD, J. Defendant appeals from his jury conviction in the Macomb County Circuit Court on two felony charges: first, forgery,[1] and second, uttering and publishing a forged check.[2] He was sentenced to concurrent prison terms of from 2 to 14 years on each count.

On appeal, defendant contends, as he did in a motion for new trial submitted in the trial court, that he was improperly denied his constitutional right to counsel at the preliminary examination and at trial. The record manifests that at no time in these proceedings, nor at sentencing, was defendant represented by a lawyer.

Defendant, together with a codefendant who was represented by counsel, was examined on the complaint and warrant in district court, at which proceeding he was not afforded an opportunity to secure counsel. Nor may it be said that, at that proceeding, he intelligently and understandingly waived benefit of counsel. The relevant portion of the district court examination is set forth in the margin.[3]

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 750.248; MSA 28.445.

[2] MCLA 750.249; MSA 28.446.

[3] *"The Court:* I told you at the arraignment that we could not

We recognize that a preliminary examination is a critical stage in a criminal proceeding and re-

proceed unless an attorney filed an appearance and was present at the examination, and no appearance has been filed.

"*Mr. Winfrey:* Your Honor, let me explain. When I came to court on my last hearing I don't believe you were here and another judge was present.

"*The Court:* Judge Nowicki was here.

"*Mr. Winfrey:* Yes, and so at the time he said my, I was advised by an attorney I'm trying to retain, to ask for a postponement. He set it for, set it off 30 days until March the 4th at 9 o'clock. Now at the time I had two cases scheduled for this court, one charge for Mt. Clemens, one charge for Clinton Township. Now later I received a letter through the mail saying that one case had been rescheduled to the 4th, it had been rescheduled out to the County Jail, the Clinton Township case had been rescheduled out there.

"*The Court:* Right.

"*Mr. Winfrey:* But as it, the understanding of the letter that my court date was still March 4th. Now I haven't been advised of this court date or anything.

"*The Court:* Where's your attorney?

"*Mr. Winfrey:* I'm still trying to retain him, your Honor.

"*The Court:* Well, I think maybe we'd better put you back in jail and we will appoint an attorney.

"*Mr. Winfrey:* But your Honor, you don't understand. Today is not, my court date is not set for today. My court date was set for March the 4th. I have a letter to this—

"*The Court:* And then you're going to get an attorney on March the 3rd and he's going to come in and ask for an adjournment, right?

"*Mr. Winfrey:* No, sir. I've been trying, your Honor, to retain this attorney Mr. Scandirito. I've talked to him two or three times since I've been out.

\*    \*    \*

"*The Court:* Is the prosecutor ready to proceed today on this examination?

"*Mr. Biernat [prosecuting attorney]:* Yes, your Honor. This is the difficulty, your Honor. These defendants are charged with the crime of uttering and publishing and it's the people's theory in these cases that—

"*The Court (interrupting):* You want to try them both together?

"*Mr. Biernat:* Well, they're interlocked, their actions depend upon each other and the cases to that extent are interlocking and should be tried together. This is a classic case of a situation that should be examined and tried at the same time, but we have in court here this afternoon all these lay witnesses who have been good enough to—

"*The Court (interrupting):* O.K., let's, you have a seat Mr. Winfrey.

"*Mr. Winfrey:* Yes, sir.

"*The Court:* You'll be able to hear the proceedings going on today. Your attorney will be given a copy of the proceedings, if you get one.

"*Mr. Winfrey:* Well, your Honor, I get paid next week. They held a

quires the assistance of counsel. *Coleman v Alabama,* 399 US 1; 90 S Ct 1999; 26 L Ed 2d 387 (1970); *People v Washington,* 30 Mich App 435 (1971). In 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 582, 1972 Cum Supp, pp 51–52, it is stated in part:

"State trial judges are now required to inform defendants charged with felonies of their right to counsel, and if indigent appoint counsel, unless there is an intelligent and understanding waiver.

\*   \*   \*

"The right to counsel by an indigent accused of crime embraces the right to representation at all times and during all proceedings where the fundamentals of due process are involved.

\*   \*   \*

"It is not sufficient merely to advise the defendant of his right to counsel. *He must,* in addition, *be given an opportunity to secure the services of counsel.* The right to counsel extends from the time before pleading at arraignment to the time of sentencing and to post-conviction motions and appeal." (Emphasis supplied.)

We do not condone the summary manner in which defendant's expressed efforts to secure counsel were dismissed at the time of the district court proceedings. It may be said that he was therein effectively denied the opportunity to secure counsel. We are, nevertheless, compelled to rule that the error occurring upon defendant's examination was not, in the circumstances of this case, reversible error. The error was waived when defendant, upon arraignment in circuit court, was afforded

---

week back on me but I do get paid next week and I will have an attorney.

"*The Court:* O.K. Have a seat at the counsel table.

"*Mr. Feldman:* I'd like the record to show, your Honor, I'm just representing Mr. Neal and I'm not representing Mr. Winfrey.

"*The Court:* The record shall so indicate."

the *opportunity* to secure counsel to represent him in further proceedings and did not avail himself of that opportunity. The transcript of that arraignment reflects in pertinent part the following:

"*The Court:* You have the right to have an attorney, you have the right to have a trial by jury, you have the right to be confronted by whatever witnesses the prosecutor has to present who are endorsed on the information that you have in your hand—and if you are unable to secure an attorney and convince me of that and then file an affidavit of indigency the court, if convinced you are indigent, will appoint an attorney to represent you. I notice you are out on bond. *Do you have any such requests at all, please?*

"*The Respondent:* No, your Honor.

"*The Court:* How do you plead?

"*The Respondent:* I wish to stand mute at this time.

"*The Court:* Stand mute, enter plea of not guilty—are you going to get your own attorney?

"*The Respondent:* Yes, sir." (Emphasis supplied.)

Defendant, having thus been informed of his right to secure counsel, appears to have intended thereafter to represent himself upon the trial of this cause. His willingness to proceed with the trial in the absence of representation by counsel is reflected in the transcript of proceedings as follows:

"*The Clerk:* The People of the State of Michigan v Gregory L. Winfrey.

"*Mr. Woodruff:* The people are ready, your Honor.

"*The Court:* How about the defendant, Winfrey?

"*Mr. Winfrey:* Yes.

"*The Court:* Let the record show that on April 22, 1971 Mr. Winfrey signed a waiver of jury trial in court.

"I understand that you want to withdraw that waiver and desire a trial by jury; am I correct?

"*Mr. Winfrey:* Yes, your Honor."

No similar request for counsel was, at that time or at any time thereafter, made of the court by defendant despite the fact that, in their opening statement to the jury, the people referred to defendant's lack of representation as follows:

"The defendant is here without counsel. He has a perfect right to represent himself, if he wishes to exercise that right.

"As the court indicated, this has no bearing on his guilt or innocence in any way. It is a constitutional right which he intends to exercise before you.

"It will be a little awkward because there are many rules which attorneys are required to follow which I'm sure the defendant is not aware of, so I assume both myself and the court will attempt in some way to aid the defendant in his problems with the procedural aspects of the case."

At the conclusion of the court's instructions to the jury, the following occurred:

"*The Court:* Mr. Winfrey, do you care to make a statement regarding errors, omissions, anything missing in the instructions?

"*Mr. Winfrey:* No."

In *People v Hilko,* 5 Mich App 166, 168 (1966), the following, pertinent to the present case, was stated:

"[In] *People v Atkins,* 2 Mich App 199, (1966), * * * it was stated (pp 202–203):

" 'This Court holds that the trial court should have inquired of the defendant whether or not he wished counsel, and, if so, have given him an opportunity to obtain the advice of such counsel.'

* * *

"The opportunity to request counsel is not a matter of age, education, or understanding—it is a simple

matter of being given the opportunity to request counsel, if counsel is desired. *People v Curtis Lee Williams,* 2 Mich App 232 (1966)."

See, also, *People v Menton,* 7 Mich App 267 (1967).

The foregoing cases involved guilty plea situations, unlike the present case. The duty incumbent upon trial judges to provide defendants charged with felonies with the opportunity to request counsel, as enunciated in those cases, applies, however, with equal force to the present case. Here defendant declined to make such request after he had been afforded a clear opportunity to do so, proceeded to trial *in propria persona,* and thereby expressly waived his right to counsel in the circuit court proceedings. Defendant's failure to object, prior to or during trial, to the district court's error in not affording sufficient opportunity to defendant to secure counsel for his preliminary examination constituted a waiver thereof. *People v Willis,* 1 Mich App 428 (1965); *People v Miniear,* 8 Mich App 591 (1967).

Affirmed.

All concurred.