PEOPLE v SKOWRONEK

1. Criminal Law—Robbery—Armed Robbery—Lesser Included Offense—Plea of Guilty—Preliminary Examination—Waiver —New Trial—Statutes.

A defendant charged with armed robbery in a new information filed after his plea-based conviction of assault with intent to rob being armed was overturned is not automatically entitled to a preliminary examination where he had waived such examination when originally charged with armed robbery; the new information contained only a charge identical to that contained in the first information, and the statute which requires that a defendant be allowed an examination on the particular offense charged is satisfied once the examination has been waived (MCLA 767.42).

2. Criminal Law—Rights of Defendants—Waiver of Rights— Withdrawal of Waiver.

The right of a defendant to withdraw his waiver of rights is not absolute, but depends upon the importance of the rights involved and the justification asserted for the withdrawal.

3. Criminal Law—Rights of Defendants—Preliminary Examination—Constitutional Law—Fundamental Rights—Critical Stage in Proceedings.

The right of a defendant to a preliminary examination is not a constitutional right, but is a fundamental right in most criminal cases and is a critical stage in criminal proceedings.

4. Criminal Law—Preliminary Examination—Waiver—Withdrawal of Waiver—New Trial.

Denial of a defendant's motion to withdraw his waiver of a

References for Points in Headnotes

[1, 5, 6] 21 Am Jur 2d, Criminal Law §§ 185, 187, 189, 212, 494–496.
  Conviction of lesser offense as bar to prosecution for greater or new trial. 61 ALR2d 1141.
[2] 21 Am Jur 2d, Criminal Law § 219.
[3] 21 Am Jur 2d, Criminal Law § 442.
[4] 21 Am Jur 2d, Criminal Law §§ 446–450.
  Defendant's plea to indictment or information as waiver of lack of preliminary examination. 116 ALR 550.

preliminary examination was not an abuse of discretion, although it would have been better to grant such request, where the defendant's plea of guilty was overturned and he was given a new trial and was tried on the original charge, and there is no indication in the record that the defendant waived the preliminary examination as part of a plea bargain.

5. CRIMINAL LAW—DOUBLE JEOPARDY—PLEA OF GUILTY—LESSER INCLUDED OFFENSE—BAR TO PROSECUTION—CASE PRECEDENT.

A defendant's plea of guilty to a lesser included offense does not act as a bar to prosecution at a later time on the greater offense where he was granted a new trial on the ground that his plea had been improperly accepted and where the later trial on the greater offense occurred prior to a decision which holds that such a prosecution is barred, but which decision has been held not retroactive.

6. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSES—ELEMENTS OF CRIME—QUESTION OF FACT.

A trial court must instruct the jury on a lesser included offense only where a question of fact exists with regard to an element of the primary offense that is not an element of the included offense; therefore, it would have been improper to charge on the lesser included offense of assault with intent to rob being armed in a trial for armed robbery where the only element included in the greater offense but absent in the lesser was a completed taking but where there was no substantial dispute that such a taking had occurred.

Appeal from Macomb, Walter P. Cynar, J. Submitted Division 2 June 7, 1974, at Detroit. (Docket No. 15971.) Decided December 5, 1974.

John R. Skowronek was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Terrence Houlahan,* Assistant Prosecuting Attorney, for the people.

*Nicholas R. Hostettler,* for defendant on appeal.

Before: LESINSKI, C. J., and BRONSON and VAN VALKENBURG,* JJ.

LESINSKI, C. J. The defendant, John Richard Skowronek, was convicted by a jury of armed robbery, MCLA 750.529; MSA 28.797. He appeals as of right. This case arises out of an armed robbery of a store, operated by the Kowalski Sausage Company in Warren, Michigan, on March 19, 1971. A police officer patrolling in the vicinity of the store followed the defendant after the robbery and made his arrest. At trial, three Kowalski employees and one customer identified the defendant as the man who had robbed the store.

The defendant's most important allegations of error on appeal result from the extended and complex procedural course his case followed. The defendant was originally arraigned on a charge of armed robbery on March 20, 1971. He waived preliminary examination on April 15. On June 4, defendant pled guilty to an added count of assault with intent to rob being armed, MCLA 750.89; MSA 28.284. He was sentenced to 8 to 15 years in prison. More than one year later, on June 30, 1972, the Macomb County Circuit Court granted defendant a new trial on the ground that his guilty plea had been improperly accepted under *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972).

Following the circuit court's decision, the prosecutor, on July 20, 1972, again filed an information against the defendant, charging him with armed robbery. Trial was set for September 13. On August 21, defense counsel moved in the circuit court for a preliminary examination. On August 28, the

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

trial court denied this motion on the basis that the defendant had previously waived examination. Defense counsel subsequently moved to dismiss the information on the grounds that reprosecution for armed robbery violated the ban against double jeopardy. The trial court, following the decisions of this Court, also rejected that motion.

The defendant's first contention on appeal is that the trial court erred in denying his request to remand the case for a preliminary examination.

The defendant's right to preliminary examination derives from MCLA 767.42; MSA 28.982, which states:

"No information shall be filed against any person for any offense until such person shall have had a preliminary examination therefor * * * unless such person shall waive his right to such examination."

The defendant does not contest the validity of his waiver of examination prior to his original guilty plea. Thus, his case is meritorious only if the above statute requires that he receive a preliminary examination prior to renewal of the information against him or if the trial court should have allowed him to withdraw his waiver of examination.

The sole fact that a new information was filed against the defendant does not automatically entitle him to a preliminary examination. What the statute requires is that a defendant be allowed examination upon the particular offense charged, and once an examination is had or examination waived on that charge the statute is satisfied. In this case, because the new information contained only a charge identical to that contained in the first information, the defendant was not entitled to

a preliminary examination on the new information filed.

The defendant's argument on the right to a preliminary examination may also be taken to mean that the trial court should have allowed him to withdraw his waiver. No cases seem to have considered whether, or under what circumstances, a defendant may withdraw his prior waiver of a preliminary examination.

The cases which deal with withdrawals of waivers of other rights indicate that the right of a defendant to withdraw his waiver is not absolute, but that it depends upon the importance of the rights involved and the justification asserted for the withdrawal. See, *e.g., People v Zaleski,* 375 Mich 71; 133 NW2d 175 (1965); *People v Bencheck,* 360 Mich 430; 104 NW2d 191 (1960); *People v Winfrey,* 41 Mich App 139, 143–144; 199 NW2d 663, 665 (1972); *State v Mathis,* 39 Wis 2d 453; 159 NW2d 729 (1968).

The right of defendant to a preliminary examination is not a constitutional right, *Woon v Oregon,* 229 US 586; 33 S Ct 783; 57 L Ed 1340 (1913), but it is one which the Michigan Supreme Court has called a "fundamental right in most criminal cases," *People v Duncan,* 388 Mich 489, 502; 201 NW2d 629, 635 (1972), and the United States Supreme Court has found to be a "critical stage" in criminal proceedings. *Coleman v Alabama,* 399 US 1, 9; 90 S Ct 1999, 2003; 26 L Ed 2d 387, 397 (1970). "The primary function of a preliminary examination is to determine if a crime has been committed and, if so, if there is probable cause to believe the defendant committed it." *People v Duncan, supra,* at 499; 201 NW2d at 633. The preliminary examination "has grown in importance and significance both for the prosecution and

a defendant" such that it is now available to defendants even after a grand jury has found probable cause. *Id.*

As justification for withdrawal of his waiver, the defendant argues that more than a year elapsed between his original waiver and his retrial. He implies that the original waiver was made as part of a plea bargain, and that because the plea was overturned he should be allowed to retract the waiver. Further, he asserts that after the reversal of his first conviction, defendant retained new counsel who needed the examination in order to prepare a defense adequately.

While it is our judgment that it would not have greatly inconvenienced the judicial system under the circumstances of this case to grant defendant's request, and that it would have been better to do so, the trial court did not abuse its discretion in refusing defendant's motion to remand for preliminary examination. Our study of the record reveals nothing to indicate that the defendant waived his examination as part of a plea bargain. The other justification asserted for withdrawing the waiver is not sufficient to warrant reversal of his conviction of the ground of abuse of discretion.

Defendant also asserts that he was improperly charged with armed robbery in his second information. Under *People v McMiller,* 389 Mich 425; 208 NW2d 451 (1973), the defendant's plea of guilty to a lesser included offense would act as a bar to prosecution at a later time upon the greater offense. *McMiller* was decided after the defendant's trial, however, and because it was based on policy grounds rather than constitutional grounds, our Court has held it to be prospective only. *People v McGreevy,* 52 Mich App 52; 216 NW2d 623 (1974). Thus, *McMiller* has no application to the defend-

ant's case and the armed robbery charge was proper.

Finally, defendant argues that the trial court erred in refusing to instruct the jury on the lesser included offense of assault with intent to rob being armed. Such an instruction is appropriate only when a factual issue is presented at a trial which makes it proper. Only where a question of fact exists with regard to an element of the primary offense that is not an element of the included offense must the court instruct on the lesser charge. See *People v Stram,* 40 Mich App 249, 254; 198 NW2d 753, 756 (1972). In this case, the only element included in the greater offense but absent in the lesser was a completed taking. However, there was no substantial dispute that such a taking had occurred, and to charge on the lesser offense would have been improper.

Affirmed.

All concurred.