PEOPLE v THORNTON

Opinion of the Court

1. Criminal Law—Plea of Guilty—Reversal of Conviction—Motions—New Trial—Charge upon Retrial—Greater Charge.

The Court of Appeals is reluctant to extend the doctrine that the state may not charge a defendant with a higher offense upon retrial where his plea-based conviction has been reversed on appeal, but Supreme Court precedent seems to mandate that the same result apply where a defendant's plea-based conviction is vacated by the trial court's grant of a defense motion for new trial because of error in the plea proceedings.

Concurrence by T. M. Burns, J.

2. Criminal Law—Plea of Guilty—Reversal of Conviction—Motions—New Trial—Greater Charge.

*The Supreme Court precedent which holds that after a plea-based conviction is reversed on appeal the state may not upon retrial charge the defendant with a higher offense arising out of the same transaction should also apply where a defendant's conviction is vacated by the trial court's grant of a defense motion for new trial because of error in the guilty plea proceedings (GCR 1963, 785.7).*

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted March 8, 1976, at Detroit. (Docket No. 25452.) Decided August 4, 1976. Leave to appeal applied for.

Maurice Thornton was convicted, on his plea of guilty, of manslaughter. Defendant moved for new trial. Motion granted. Defendant was convicted of second-degree murder. Defendant appeals. Judg-

References for Points in Headnotes

[1, 2] 21 Am Jur 2d, Criminal Law §§ 185–187, 189, 212, 494–496.

Conviction of lesser offense as bar to prosecution for greater on new trial. 61 ALR2d 1141.

ment amended to guilty of manslaughter and re-
manded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training and Appeals, and
*Lee W. Atkinson,* Assistant Prosecuting Attorney,
for the people.

*Carl Ziemba,* for defendant on appeal.

Before: BASHARA, P. J., and V. J. BRENNAN and
T. M. BURNS, JJ.

BASHARA, P. J., and V. J. BRENNAN, J. We con-
cur separately because of our extreme reluctance
to extend the holding of *People v McMiller,* 389
Mich 425; 208 NW2d 451 (1973), any further.
However, we agree with Judge T. M. BURNS that
*Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132
(1975), seems to mandate the result reached by
him. We agree with Justice LINDEMER's decision in
*Guilty Plea Cases, supra,* at 144–145, and would
urge the Supreme Court to review the *McMiller*
doctrine.

T. M. BURNS, J. *(concurring).* Defendant was
charged with second-degree murder. On March 5,
1975, he pled guilty to an added count of man-
slaughter, and he was sentenced to 8 to 15 years
in prison. On May 2, 1975, defendant filed a mo-
tion for a new trial, claiming that he had a possi-
ble defense of self-defense and alleging that errors
occurred in the plea-taking proceedings. The trial
court granted the motion, presumably because of a
failure at the guilty plea hearing to comply with
GCR 1963, 785.7.

Defendant was then recharged with second-degree murder. He was convicted as charged by a jury on July 28, 1975, and sentenced to 15 to 30 years in prison.

On appeal as of right, defendant maintains, as he did prior to and during trial, that under the rule of *People v McMiller,* 389 Mich 425; 208 NW2d 451 (1973), he could be tried only for the crime of manslaughter. Defendant's argument is correct.

The Michigan Supreme Court in *People v McMiller, supra,* held that "upon the acceptance of a plea of guilty, as a matter of policy, the state may not thereafter charge a higher offense arising out of the same transaction".

It is clear that *McMiller* applies to cases in which the plea-based conviction is reversed on appeal, but whether the same is true of convictions vacated by the granting of a motion for a new trial is not. Similar issues have arisen in this Court since *McMiller,* but none of the relevant decisions[1] squarely resolved the issue. Treating the issue as one of first impression, we hold that *McMiller* applies to situations where a plea-based conviction is vacated by the trial court on the defendant's motion for a new trial because of error in the guilty plea proceedings; that is, when a guilty plea conviction is vacated by the trial court, the defendant may not thereafter be charged with a higher offense arising out of the same transaction.

We find this holding to be required for two reasons. First, the rationale upon which the *McMiller* rule rests is the same whether the defendant appeals from his conviction or seeks to have it

---

[1] *People v McGreevy,* 52 Mich App 52; 216 NW2d 623 (1974), *People v Goins,* 54 Mich App 456; 221 NW2d 187 (1974), *People v Skowronek,* 57 Mich App 110; 226 NW2d 74 (1974).

vacated by the trial court. The same chilling effect upon review of the guilty plea procedure would result from the defendant's fear of facing a higher charge if he sought and obtained a new trial. There is no rational basis for treating a motion for new trial and an appeal on the same grounds differently.

Secondly, the Supreme Court has recently implied rather forcefully that *McMiller* does apply in cases such as this. In *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), the Court made the following statement:

"If the prosecutor calls the court's attention to plea-taking error before the plea is accepted, *McMiller* will not apply in the event the trial court vacates the plea on defendant's motion or with defendant's consent or the trial court is reversed on appeal on the basis of the error." 395 Mich at 136–137.

This statement assumes that *McMiller* applies equally to reversal of conviction on appeal and vacation of conviction by the trial court on motion.

The conviction of second-degree murder is set aside, the judgment of conviction is amended to show that the defendant is convicted of manslaughter, and the cause is remanded for resentencing on the manslaughter conviction.[2]

---

[2] *See People v McMiller,* 389 Mich 425, 434; 208 NW2d 451 (1973).