PEOPLE v THORNTON

Docket No. 58839. Argued January 21, 1978 (Calendar No. 21).—
Decided August 31, 1978.

Maurice O. Thornton was convicted, on his plea of guilty, in Recorder's Court of Detroit, Joesph A. Gillis, J., of manslaughter. The defendant's motion at the time of sentencing for a new trial was granted and he was convicted by a jury of second-degree murder. The Court of Appeals, Bashara, P.J., and V. J. Brennan, J. (T. M. Burns, J., concurring), held that where a plea-based conviction is vacated by the trial court, the defendant may not be charged with a higher offense arising out of the same transaction (Docket No. 25452). The people appeal. *Held:*

There is no basis in principle for not applying the previously announced rule that the defendant whose conviction based on a plea of guilty is reversed on appeal may not be prosecuted on remand for a higher offense arising out of the same transaction to cases where the trial court has granted the defendant's motion for a new trial, but the people argue that the case announcing the new rule should be overruled. The people's arguments include no contention which the Court has not considered and expressly noted in previous decisions. The rule does defeat the prosecutor's expectation that the defendant would stand convicted on the plea, requires the prosecutor to prove the lesser included offense at trial, and may limit the state to a conviction less than the proofs may justify. However, the assumption that in every case the defendant is guilty of the original charge is rejected. In agreeing to a plea of guilty of a lesser offense, the prosecutor signifies that the ends of justice and the protection of the public are served by the defendant's conviction of that offense. And the prosecutor may, of course, protect himself from the operation of the rule by calling the attention of the judge, before he accepts a plea of guilty, to any failure to comply with the prescribed procedure for taking the plea.

Justice Ryan, joined by Justices Coleman and Fitzgerald, agreed that the rationale of the previously announced rule is such that no logical distinction can be drawn between a new trial ordered following successful appeal and one ordered fol-

lowing a successful motion for a new trial made prior to appeal. However, he disagreed with the "policy" pronouncement of the Supreme Court when announcing the rule. He would reverse the decision of the Court of Appeals in the instant case after first abandoning the previously announced rule.

Affirmed

70 Mich App 508; 246 NW2d 9 (1976) affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Craig L. John,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba* for defendant.

Pᴇʀ Cᴜʀɪᴀᴍ. The Court of Appeals held that where a plea-based conviction is vacated by the trial court on the defendant's motion for a new trial, the defendant may not be charged with a higher offense arising out of the same transaction. 70 Mich App 508; 246 NW2d 9 (1976). We agree.

I

Defendant, charged with second-degree murder, pled guilty to an added count of manslaughter on March 5, 1975. Two weeks later, on the day set for sentencing, substituted defense counsel filed a motion to withdraw the plea. The trial judge said: "If you want self-defense, I will grant your motion, and we will have a trial in 30 days." The defendant and his counsel then agreed that the plea of guilty of manslaughter would be maintained, but they wished to describe for the judge the facts relating to the self-defense theory in mitigation of the sentence. Defendant was then sentenced to imprisonment for 8 to 15 years.

New counsel was appointed on April 10, 1975.

On May 2, 1975, defendant filed a "Motion for New Trial" claiming that he had a possible defense of self-defense and alleging that the plea agreement was never affirmatively acknowledged by the defendant as required by GCR 1963, 785.7(2).

On May 13, 1975, the motion was heard. The trial judge said: "He indicates a couple of errors that are probably correct. One, the prosecutor did not agree to that sentence (plea) at that time. * * * Two stab wounds to the back and claims self-defense. I think we will grant the motion for new trial and order Mr. Thornton back." When the defendant appeared before him on May 29, 1975, the following occurred:

"*The Court:* The court has permitted you to withdraw your plea of guilty.

"We are here today to set your trial date for the charge of second-degree murder. That's all we are here for today. We are going to try this case of second-degree murder.

"*Defendant:* Try it for second degree?

"*The Court:* Yes.

"*Defendant:* I understood it was manslaughter.

"*Mr. Kraizman [Defense Counsel]:* Mr. Thornton, I understand that law to be that; but the court disagrees with me as to whether you can be tried for manslaughter or second-degree murder.

"*The Court:* This is not a reversal. This is the court on your motion granting him to withdraw his plea of guilty."

Defendant was recharged with second-degree murder over his objection that *People v McMiller,* 389 Mich 425; 208 NW2d 451, *cert den* 414 US 1080 (1973), precluded his being recharged with any offense greater than manslaughter. A jury

convicted him as charged and he was sentenced to 15 to 30 years in prision.

## II

We held in *McMiller* that if the procedures prescribed in GCR 1963, 785 are not followed in accepting a plea of guilty and on that account the conviction is reversed on appeal, on remand the defendant may not be prosecuted for a higher offense arising out of the same transaction. We based our decision on reasons of policy recognized because of our desire to encourage compliance with the procedures prescribed by the court rule:

"Allowing trial on a higher charge following reversal of a plea-based conviction of a lesser offense would (1) discourage exercise of the defendant's right to appeal a conviction claimed to be based on an improperly accepted plea, and (2) tend to insulate from appellate scrutiny noncompliance with the guilty plea procedure established by the statute and the court rule." 389 Mich 432.

Both in their brief and at oral argument the people conceded that, assuming *McMiller's* continuing vitality,[1] the Court of Appeals was correct in

---

[1] We agree that there is no basis in principle for applying *McMiller* to successful appeals from a plea-based conviction and not applying it when a defendant's motion for a new trial is sustained by the trial judge. When the grounds of the appeal and the post-sentencing motion in the trial court are the same, there seems little reason to say the former is more sacred. Indeed, MCLA 770.1; MSA 28.1098 allows the trial court to grant a new trial on any ground on which an appellate court might reverse a defendant's conviction and grant him a new trial. The right to move the trial court for a post-sentencing vacation of the plea is not chilled any less than the right to appeal would have been chilled had a contrary result been arrived at in *McMiller*. As the parties recognized, this distinction would encourage appeals and the concomitant taxation of judicial resources.

A rule requiring defendants who would appeal their plea-based convictions to make a motion for new trial as a prerequisite to the

applying *McMiller* to the trial court's action in vacating the plea-based conviction. The people, however, urge us to reverse *McMiller.* The people maintain that the policy-based decision announced in *McMiller* should be overruled because (1) it involves a legislative determination best left to the Legislature; (2) it is contrary to the conclusions reached by the majority of jurisdictions that have addressed the issue; (3) it is unfair to hold the people to their bargain while allowing the defendant to "breach" with impunity; and (4) it is unnecessary as an incentive for the proper taking of a guilty plea in light of the sanctions imposed for noncompliance with the prescribed plea-taking procedures set out in *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975).

The people's arguments, while not without some force, include no contention we have not considered—and expressly noted—in previous decisions developing the *McMiller* rule. In *McMiller* we recognized that our decision would defeat the prosecutor's expectation that the defendant would stand convicted of the plea, would require the prosecutor to prove the lesser included offense at trial, and may limit the state to "a conviction less than the proofs may justify". 389 Mich 432-434. In *Guilty Plea Cases* we observed that *McMiller* has prompted trial judges and prosecutors to express concern about a defendant's ability under *Mc-Miller* to breach the plea-bargain contract with

appeal would not justify the distinction, either. One defendant may have his motion for a new trial denied by the trial court and his plea-based conviction later reversed on appeal, so that he faces reprosecution on a charge no higher than that to which he had earlier pled. Another defendant, with an attack on the plea-taking procedure of no greater merit than the first defendant's, may have his motion for a new trial granted, so that he will be subject to reprosecution on the original, higher charge. There is no foundation in logic or policy to justify this disparate treatment of similarly situated defendants.

impunity and, by doing so, receive a "free ride". 395 Mich 135.

Balanced against these considerations is our responsibility to ensure the integrity of the plea-taking process, the process that disposes of a significant portion of our criminal cases. *McMiller,* 389 Mich 432-433. We strike the balance no differently today. Our responsibility to ensure careful adherence to the carefully worked-out guilty plea procedures is one that we have taken, and will continue to take, seriously. That apparently a majority of our sister states do not find *McMiller's* policy basis to be compelling gives us pause, and we have considered the reasoning of those courts carefully, but we do not understand that our responsibility can be discharged by unreflectively following the call of the majority.

While application of *McMiller's* strictures *may* limit the state "to a conviction less than the proofs may justify", we reject the assumption that in every case the defendant is guilty of the original charge, and as a consequence of *McMiller* receives a "gift" or a "free ride". In agreeing to a plea of guilty of a lesser offense, the prosecutor signifies that the ends of justice and the protection of the public are served by the defendant's conviction of that offense. And the prosecutor, of course, may protect himself from *McMiller* by calling the attention of the judge, before he accepts a plea of guilty, to any failure to comply with the prescribed procedure for taking the plea. *Guilty Plea Cases,* 395 Mich 135-136.

Experienced and able counsel for both the people and the defense agreed at oral argument that there is considerably greater adherence to the prescribed guilty plea procedures than was the practice in the past. If counsel's assessments are

accurate, and our experience reviewing post-1973 plea records suggests it is, then the sting of *McMiller's* limiting of the scope of reprosecution will be felt in a quantitatively small—and relatively insignificant—number of cases. Under these circumstances, we are convinced that the administration of justice will not be furthered by reversing *McMiller.*

Affirmed.

KAVANAGH, C.J., and WILLIAMS, LEVIN, and BLAIR MOODY, JR., JJ., concurred.

RYAN, J. *(dissenting).* I agree that the rationale of the majority in *People v McMiller,* 389 Mich 425; 208 NW2d 451 (1973), is such that no logical distinction can be drawn between a new trial ordered following successful appeal and one ordered following a successful motion for a new trial made prior to appeal. Thus, the *McMiller* rule is applicable to and controlling of this case.

I write separately only to record once and for all my disagreement with the "policy" pronouncement of *McMiller.*

I would reverse the Court of Appeals in this case after first abandoning the *McMiller* rule.

COLEMAN and FITZGERALD, JJ., concurred with RYAN, J.