# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KEYA JONES,

        Defendant-Appellant.

UNPUBLISHED
June 28, 2018

No. 336123
Wayne Circuit Court
LC No. 16-004884-01-FC

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LANEILL PRINCE,

        Defendant-Appellant.

No. 340544
Wayne Circuit Court
LC No. 16-004884-02-FC

Before: MURPHY, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this consolidated appeal, defendants appeal their convictions, following a consolidated jury trial before separate juries. Defendant Keya Jones was convicted of armed robbery, MCL 750.529, and conspiracy to commit armed robbery, MCL 750.529; MCL 750.157a. Defendant Laneill Prince was convicted of armed robbery, MCL 750.529, conspiracy to commit armed robbery, MCL 750.529; MCL 750.157a, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Jones was sentenced to concurrent terms of 11 to 22 years in prison, and Prince was sentenced to concurrent terms of 15 to 30 years in prison for the armed robbery and conspiracy convictions, and to a consecutive two-year term for the felony-firearm conviction. Defendants appeal as of right. We affirm defendants' convictions but remand for correction of the amount of restitution that Jones was ordered to pay.

Defendants' convictions involve the armed robbery of Bryan Fischer. Fischer was robbed at gunpoint by Prince after he made arrangements with Jones to meet to purchase an item he saw listed on Craigslist, an online personal-advertising site.

-1-

# I.  DOCKET NO. 336123 (JONES)

Jones first argues that the trial court erred in admitting evidence of other robberies in which she had participated.  We disagree.

We review for an abuse of discretion the trial court's admission of evidence of prior acts, and we affirm if the decision was within the range of reasonable and principled outcomes. *People v McGhee*, 268 Mich App 600, 636; 709 NW2d 595(2005); *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).  Under MRE 404(b), "[e]vidence of other crimes, wrongs, or acts" is admissible, as a "rule of inclusion," for any purpose "that does not risk impermissible inferences of character to conduct."  MRE 404(b)(1); *People v Starr*, 457 Mich 490, 495-496; 577 NW2d 673 (1998).  The fact that some evidence may reflect on a defendant's character does not preclude its admission so long as it is also relevant to a noncharacter purpose.  *People v Mardlin*, 487 Mich 609, 615-616; 790 NW2d 607 (2010).

Jones was convicted of aiding and abetting the armed robbery of Fischer by placing an advertisement on Craigslist to sell a video game console, and by texting with Fischer to lure him to a parking lot where she and Prince took Fischer's money at gunpoint.  Jones argues that the trial court erred in admitting the testimony of Scott Shoobridge and Vern VanKehrberg, who described being robbed in similar ways.  All three robberies involved the victims responding to an ad on Craigslist, and all three involved an agreement reached through text messages to meet to accomplish their objective, purchasing a video game system or arranging for a social meeting. The victims were all directed by text message to a place proximate to where they were robbed at gunpoint before they could perform their intended transaction.  Jones further argues that her statement to Detroit Police Officer Joseph Dabliz, in which she described the nature of the scheme in detail, including having placed 75 or more advertisements to assist Prince in robbing victims, should not have been admitted.

Although the list of enumerated grounds for admitting evidence in MRE 404(b) is not exclusive, *Starr*, 457 Mich at 496, "preparation, scheme, plan or system in doing an act" and "absence of mistake" are in fact expressly enumerated.  MRE 404(b)(1).  Jones argues, rather, that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice, so it should have been excluded pursuant to MRE 403.  *People v Knox*, 469 Mich 502, 509; 674 NW2d 366 (2004); see also *People v Watkins*, 491 Mich 450, 481; 818 NW2d 296 (2012).  Jones specifically argues that the evidence against her was so weak that the jury could have been influenced to convict her on the basis of her acknowledged participation in the other robberies or to conclude that she had a propensity to commit crimes, especially because the evidence of her role in committing other armed robberies was so similar to the charged crime.

Evidence is not unfairly prejudicial merely because it is damaging, and indeed if it was not damaging it would likely be irrelevant.  *People v Mills*, 450 Mich 61, 75-76; 537 NW2d 909 (1995).  Evidence that is unfairly prejudicial goes beyond the merits of the case to inject issues broader than the defendant's guilt or innocence, such as "bias, sympathy, anger, or shock." *McGhee*, 268 Mich App at 614 (quotations omitted).  In *Watkins,* 491 Mich at 487-488, the Court enumerated several nonexhaustive examples of factors that may lead a trial court to exclude evidence as unfairly prejudicial under MRE 403:

(1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony.

Here, these factors weigh in favor of the probative value of the evidence. The acts were frequent and close in time and place to the charged crime, which was committed in a similar way. Notably, Jones confirmed to Dabliz that she committed the other acts as described.

Jones claims that she did not state with particularity that she was involved in robbing Fischer, so the evidence of the other robberies was used to convict her. However, Jones did tell Dabliz that she and Prince, her boyfriend, "were doing Backpage Craigslist robbery [sic]" and explained that "the robberies" involved the same methodology Fischer described, down to the location and specific video game system purportedly offered for sale. There was evidence that a woman assisted Prince, and given Jones's testimony about the nature of their relationship and the extent and consistency of their robbery operation, it would be reasonable to infer that the robbery of Fischer was part of the same operation. The evidence was therefore probative. However, in assessing prejudice versus probative value, the propensity aspect of the evidence must be weighed "in favor of the evidence's probative value rather than its prejudicial effect." *Watkins*, 491 Mich at 487. Despite the direct nature of the other acts evidence relating to the crime for which Jones was tried, it did not go "beyond the merits of the case to inject issues broader than the defendant's guilt or innocence," and its use was not unfairly prejudicial under the circumstances. Additionally, the trial court properly instructed the jury that it was not to consider evidence of Jones's other acts to be "evidence that the defendant did the acts with which he or she is presently charged." See *People v Martzke*, 251 Mich App 282, 295; 651 NW2d 490 (2002). Juries are presumed to follow the instructions of the court. *People v Torres*, 222 Mich App 411, 423; 564 NW2d 149 (1997).

Next, Jones argues that the evidence was insufficient to demonstrate that she was a participant in the armed robbery. This Court reviews de novo a challenge to the sufficiency of the evidence. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). We do not find the evidence insufficient.

Jones specifically argues that the evidence was insufficient to show that she was the person who assisted Prince. "[I]dentity is an essential element of every offense." *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). It therefore must be proven beyond a reasonable doubt. See *People v Hampton*, 407 Mich 354, 366; 285 NW2d 284 (1979). We review the evidence in the light most favorable to the prosecution to determine whether the jury could reasonably have found a defendant's commission of a charged offense proved beyond a reasonable doubt. *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010). Direct and circumstantial evidence, as well as all reasonable inferences that may be drawn, are considered to determine whether the evidence was sufficient to sustain the defendant's conviction or to show identity. *People v Hardiman*, 466 Mich 417, 429; 646 NW2d 158 (2002); *People v Kern*, 6 Mich App 406, 409-410; 149 NW2d 216 (1967).

Jones was convicted due to her role of luring Fischer with an advertisement and text messages to the area where Prince robbed him. Fischer responded to an advertisement on Craigslist to purchase an Xbox videogame system and arranged to meet in the area of Eight Mile Road and Southfield Road to purchase the item. As noted, Jones explained that she had been involved in numerous other robbery operations of a functionally identical nature. Fischer reported that all of his communications were by text message with a particular telephone number known to have been used in several similar robberies and associated with Jones; however, this is not conclusive because Fischer also reported that he spoke with a male at a different 248 area code phone number.

Fischer identified Prince as the person who robbed him, and the robbery appeared to involve two people because Fischer was communicating with one person by text in the parking lot prior to Prince approaching him, and while he was approaching Prince was talking on a phone and using the word "baby" before displaying the gun. A search of the room in which Jones had been residing produced a starter pistol and nine-millimeter ammunition, and mail addressed to Jones. Fischer thought the gun that Prince pointed at him was a nine-millimeter handgun. Jones confirmed to Dabliz that the gun Prince used in his robberies was stored in her bedroom. Circumstantial evidence is, as noted, sufficient to establish identity. When viewed in the light most favorable to the prosecution, we conclude that the jury could reasonably have concluded that Jones was Prince's co-participant in Fischer's robbery.

Next, Jones argues that the trial court errantly ordered her to pay restitution of $450. We agree. To determine the amount of restitution, "the court shall consider the amount of the loss sustained by any victim as a result of the offense." MCL 780.767(1). A calculation of the amount of loss that the victim sustained should be based on the evidence. *People v Cross*, 281 Mich App 737, 738; 760 NW2d 314 (2008). Restitution is ordered for "only those losses that are easily ascertained and are a direct result of a defendant's criminal conduct." *People v Orweller*, 197 Mich App 136, 140; 494 NW2d 753 (1992). The restitution statute "requires a direct, causal relationship between the conduct underlying the convicted offense and the amount of restitution to be awarded. *People v McKinley*, 496 Mich 410, 421; 852 NW2d 770 (2014). The prosecution must prove the amount of the victim's loss by a preponderance of the evidence. MCL 780.767(4).

The trial court based its order of $450 in restitution on the amount that it thought defendants took from Fischer. The prosecutor and Jones's trial counsel agreed that the probation department was not able to contact Fischer to determine a proper amount. However, Fischer testified that defendants took a total of $400 from him. Thus, the trial court inaccurately recalled the amount that was taken, and it based its restitution order on that incorrect recollection. Accordingly, we remand to correct the order of restitution to accurately reflect the $400 amount.

## II. DOCKET NO. 340544 (PRINCE)

Prince argues first that the trial court abused its discretion in denying his motion for a remand for a preliminary examination. We disagree.

Although a defendant is entitled to a preliminary examination, a defendant may waive that right, which will vest jurisdiction in the circuit court and limit the circumstances under

which the circuit court may remand the matter. *People v Taylor*, 316 Mich App 52, 54-55; 890 NW2d 891 (2016). Those circumstances may include a finding that the defendant's waiver was defective, a finding that the evidence is insufficient in response to a motion to quash, or a request by the prosecution to add a charge. *Id*. at 55-56. "[T]he right of a defendant to withdraw his waiver is not absolute, but that it depends upon the importance of the rights involved and the justification asserted for the withdrawal." *People v Skowronek*, 57 Mich App 110, 114; 226 NW2d 74 (1974). We review the trial court's decision whether to remand a matter to the district court for an abuse of discretion. *People v Jones*, 252 Mich App 1, 4; 650 NW2d 717 (2002).

Prince's trial counsel argued that he was entitled to a remand because, while represented by a previous attorney, he did not fully understand the importance of a preliminary examination. However, Prince does not identify any actual defect in his waiver, only that he should have considered the preliminary examination to be more important than he did at the time; he does not articulate how this misestimation prejudiced him or impaired his defense. A trial court does not abuse its discretion by refusing to remand a case due to retention of new counsel. *Skowronek*, 57 Mich App at 115. We do not find any reason to doubt the trial court's finding that the waiver was willing, voluntary, and knowingly made. Additionally, the jury found that Prince was guilty beyond a reasonable doubt, which met a higher standard of proof than that required to bind him over. As noted in *People v Hall*, 435 Mich 599, 603-604; 460 NW2d 520 (1990), MCL 769.26 provides that any error of procedure is not error requiring reversal if the error was harmless.[1] An error does not result in a miscarriage of justice where it has no impact on the outcome of the trial. *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999).

Next, Prince argues that the trial court erred in admitting evidence of 11 text messages between Shoobridge and a person who identified themself as "Jasmine." They were sent after Shoobridge saw a listing on Craigslist for a casual encounter.[2] In the messages, the two appear to have arranged a meeting at an address on Greenfield Street. Prince argues that this evidence should not have been admitted because it was not timely disclosed, and the trial court did not find good cause to excuse the notice requirement. We find no abuse of discretion.

MRE 404(b)(2) provides, in relevant part:

The prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial and the

---

[1] "No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or *for error as to any matter of pleading or procedure*, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice." MCL 769.26 (emphasis supplied).

[2] Jones had noted that at least one of the earlier robbery schemes she and Prince carried out involved "a prostitution ad."

rationale, whether or not mentioned in subparagraph (b)(1), for admitting the evidence.

Thus, notice of other acts evidence "may be provided 'during trial if the court excuses pretrial notice on good cause shown.'" *People v Jackson*, 498 Mich 246, 261; 869 NW2d 253 (2015).

The prosecutor first learned of the text messages from Shoobridge on the night before his testimony, and first viewed the messages at 10:30 p.m. the night before Shoobridge's testimony. The prosecutor immediately forwarded them to defendants' trial counsel. The trial court stated, "I can appreciate the nature of the defense counsel's objection and that it not being purportedly timely, but apparently the prosecution didn't come into possession of these items until late in the evening yesterday." The trial court stated that the evidence was admissible provided that Shoobridge could "properly sponsor" the evidence. Even though the trial court did not explicitly reference "good cause," it implicitly did so by discussing the reasons that the prosecutor did not provide timely notice. The court concluded that timeliness was impaired by the prosecutor's lack of awareness as to the existence of the texts. Because this would satisfy the good cause requirement, the trial court did not abuse its discretion in finding that the texts could be admitted without earlier notice.

Additionally, an evidentiary error does not merit reversal in a criminal case unless, after review of the case, it appears that it is "more probable than not that the error was outcome determinative." *Lukity*, 460 Mich at 495-496. Here, the text messages were cumulative to Shoobridge's testimony during which he had already described the substance of the messages. Additionally, although the texts with "Jasmine" led Shoobridge to the area where Prince robbed him, the texts did not include an act of Prince interacting with Shoobridge and were not evidence of any prior act by Prince. Further, Prince described his involvement in robberies of people responding to advertisements. Prince does not argue that admission of the text messages impacted the trial. The texts arranging a meeting did not determine the outcome of this case.

Next, Prince argues that he was denied a fair trial because the prosecutor did not disclose a voluminous amount of telephone records until the fifth day of the trial, at which point the prosecutor informed defendants and the court that "after reviewing the other substantive pieces of evidence" he had found four discs containing "phone dumps" from three telephones associated with defendants and one other telephone. The prosecutor explained that he did not know that the discs existed before that day and had not yet spoken to the officer in charge to ascertain the reason that they were not presented to him earlier. The prosecutor stated that he was going to make copies and provide the discs to defendants, and was not aware of the content of the discs. The trial court precluded the prosecution from using any evidence from the discs, and noted that there was no proceeding scheduled the following day so defendants could review the discs. The trial court stated that the defendants could have the prosecutor recall witnesses to present the evidence should defendants find favorable evidence on the discs. The trial court further stated that the prosecutor could present evidence from the discs if defendants first presented evidence from the discs. The prosecutor apparently discovered an additional disc that he provided to defendant after he had concluded his case-in-chief. The prosecutor remarked that there was no exculpatory evidence on the disc, and the trial court noted that defendants could review the disc. Neither defendant sought to have the prosecutor present the discs or material from the discs to the jury.

We note that Prince does not argue that he suffered any actual prejudice, that there actually was any exculpatory evidence to be found in the discs, or that the prosecutor's late disclosure was a willful violation of the duty to disclose. Rather, Prince contends that the late disclosure and voluminous nature of the evidence effectively precluded the defense from meaningfully being able to utilize it. Even if we were to presume that the prosecution had violated any duty of disclosure under MCR 6.201, "trial courts have the discretion to fashion an appropriate remedy." *People v Rose*, 289 Mich App 499, 525-526; 808 NW2d 301 (2010). "When determining the appropriate remedy for discovery violations, the trial court must balance the interests of the courts, the public, and the parties in light of all the relevant circumstances, including the reasons for noncompliance." *People v Banks*, 249 Mich App 247, 252; 642 NW2d 351 (2002). Critically, one of the relevant considerations is whether the objecting party can show actual prejudice. *People v Davie (After Remand)*, 225 Mich App 592, 598; 571 NW2d 229 (1997). The trial court afforded defendants an opportunity to review the discs and determine whether they would like additional cross-examination based on the discs in an effort "to be fair to both sides." We appreciate that defendants might reasonably have felt the time afforded was insufficient. However, in the absence of any willful violation or suggestion of actual prejudice, we cannot find that the trial court abused its discretion.

Next, Prince argues that the trial court erred in scoring offense variable (OV) 12 and OV 13. The interpretation of the sentencing guidelines is a legal question reviewed de novo, whereas we review for clear error the trial court's factual findings, which must be supported by a preponderance of the evidence. *People v Rosa*, ___ Mich App ___, ___ n 9; ___ NW2d ___ (2018). We find no error.

OV 12 considers felonious criminal acts that were contemporaneous with the sentencing offense and one point is assessed when "[o]ne contemporaneous felonious criminal act involving any other crime was committed." MCL 777.42(1)(f). The felonious criminal acts are contemporaneous if the act occurred within 24 hours of the sentencing offense and will not result in a separate conviction. MCL 777.42(2)(a). "[W]hen scoring OV 12, a court must look beyond the sentencing offense and consider only those separate acts or separate behavior that did not establish the sentencing offense. *People v Light*, 290 Mich App 717, 723; 803 NW2d 720 (2010).

Here, the trial court stated that it was assessing one point for OV 12 based on a finding that Prince assaulted Fischer with a dangerous weapon because he used his handgun. "[T]he language of OV 12 clearly indicates that the Legislature intended for contemporaneous felonious criminal acts to be acts other than the sentencing offense and not just other methods of classifying the sentencing offense." *Light*, 290 Mich App at 726. Because the trial court said that it was relying on a criminal act that was not separate from the sentencing offense, the trial court erred and should have scored OV 12 at zero points. MCL 777.42(1)(g). However, the assessment of one point was never recorded on the Sentencing Information Report. Accordingly, the error never resulted in an increased sentencing guideline range and there is nothing for the trial court to actually correct below. A remand is therefore not warranted.

OV 13 considers a continuing pattern of criminal behavior and was assessed 25 points because "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c); see also *People v Bonilla-Machado*, 489 Mich

412, 422-423; 803 NW2d 217 (2011). "[A]ll crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a). MCL 777.43(2)(c) provides that criminal activity considered in OV 13 should not include conduct scored in OV 11 or OV 12.

The plain language of MCL 777.43(2)(a) mandates that the sentencing offenses are included in scoring OV 13. Here, Prince was convicted of armed robbery, a crime against a person. MCL 777.16y. Conspiracy to commit armed robbery is not a crime against a person. *People v Goodman*, 497 Mich 883, 883; 854 NW2d 720 (2014). However, the trial court could additionally have found by a preponderance of the evidence that Prince committed an armed robbery of VanKehrberg, who described Prince as robbing him at gunpoint. The trial court relied on Prince's admission in an interview with a police officer that he had committed five armed robberies to find the third necessary to score OV 13 at 25 points. Prince argues that this admission was in an unsworn statement and should not have been considered. We disagree. "The trial court may rely on reasonable inferences arising from the record evidence to sustain the scoring of an offense variable." *People v Earl*, 297 Mich App 104, 109; 822 NW2d 271 (2012). The entire record before the trial court may be considered when scoring sentencing variables. *People v Wellman*, 320 Mich App 603, 608; 910 NW2d 304 (2017). Here, the trial court based its finding on the testimony of the detective who stated that defendant told him that he had committed five additional armed robberies during the same time frame. Thus, the trial court permissibly relied on trial testimony to determine the scoring of OV 13.

## III. STANDARD 4 BRIEF

Next, defendant Prince argues that the trial court erred in denying his motion to dismiss the jury panel in the midst of jury selection based on his argument that the jury was tainted by extraneous information. A defendant has a "right to a fair and impartial jury" with jurors who only deliberate about "the evidence that is presented to them in open court." *People v Budzyn*, 456 Mich 77, 88; 566 NW2d 229 (1997). A defendant is deprived of his "rights of confrontation, cross-examination, and assistance of counsel embodied in the Sixth Amendment" of the United States Constitution when the jury considers extraneous facts not introduced into evidence. *Id*. However, to merit reversal, a defendant must show that the jury was in fact influenced by extraneous data and that the influence "created a real and substantial possibility" of affecting the jury's verdict. *Id*. at 88-89.

During voir dire, one juror explained that she had mentioned to a group of other jurors at lunch the previous day that she had seen Prince on the television news a few months before trial. She denied that this "tainted" her ability to "render a fair and impartial verdict," and denied that she discussed the case beyond mentioning that she had seen defendants pictured on the news. Other jurors confirmed that the case was not discussed, and all the jurors affirmed that they could be fair and impartial. The trial court found that nothing was said about the trial to fellow jurors, and reminded the jurors not to speak about the case to each other. We find that it is at least arguable that the jury was exposed to an extraneous influence, but nothing to suggest that the influence affected the outcome. We note that the jurors would necessarily have already been aware, simply by serving in a criminal felony trial, that Prince had almost certainly been arrested at some point. Consequently, the television report could have done nothing more than confirm an obvious fact they jurors already knew.

-8-

Jurors are "presumed to be impartial until" shown otherwise, and the "burden is on the defendant to establish that a juror was not impartial or that a juror's impartiality is in reasonable doubt." *People v Miller*, 482 Mich 540, 550; 759 NW2d 850 (2008) (citation and quotation marks omitted). "A defendant must show that there is either a pattern of strong community feeling against him and that the publicity is so extensive and inflammatory that jurors could not remain impartial when exposed to it, or that the jury was actually prejudiced or the atmosphere surrounding the trial was such as would create a probability of prejudice." *People v Cline*, 276 Mich App 634, 639; 741 NW2d 563 (2007) (quotation omitted). An important function of voir dire is to discover hidden bias that would render a potential juror improperly partial. *People v Jendrzejewski*, 455 Mich 495, 509; 566 NW2d 530 (1997). Lower courts are required to "conduct a thorough and conscientious voir dire designed to elicit enough information for the court to make its own assessment of bias" in light of potential bias from media exposure. *People v Tyburski*, 445 Mich 606, 623; 518 NW2d 441 (1994). The trial court and both parties openly addressed the possibility of contamination from media exposure and were reassured by the jurors that the case was not discussed and that they would remain impartial and fair. Defendant makes no argument regarding how the errant statement may have influenced the jury. Further, the trial court instructed the jury that news reports are not evidence and to not talk about the case, and "[i]t is well established that jurors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998).

Finally, defendant argues that his trial counsel was not afforded adequate time to prepare for trial. The trial court granted the motion of defendant's counsel to withdraw at an August 30, 2016 hearing, and she was succeeded by defendant's trial counsel who was also present. There were subsequent hearings on September 15, 2016, September 20, 2016, and October 3, 2016, before trial testimony began on October 13, 2016. Defendant states that the 44 days from August 30, 2016 through October 12, 2016 were not enough time for his trial counsel to prepare for trial.

A defendant's right to counsel is guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963 art 1, § 20. This right to counsel encompasses the right to the effective assistance of counsel. *Cline*, 276 Mich App at 637. "Effective assistance of counsel is presumed, and the defendant bears the heavy burden of proving otherwise." *People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001). However, extrinsic circumstances, such as a late appointment of counsel resulting in a lack of adversarial testing at trial, can overcome the presumption and establish ineffective assistance of counsel. *United States v Cronic*, 466 US 648, 659-662; 104 S Ct 2039; 80 L Ed 2d 657 (1984).

"In order to overcome the presumption of sound trial strategy, the defendant must show that his counsel's failure to prepare for trial resulted in counsel's ignorance of, and hence failure to present, valuable evidence that would have substantially benefitted the defendant." *People v Bass*, 223 Mich App 241, 253; 581 NW2d 1 (1997). Prince has not identified any evidence or defense of which his counsel was unaware or that counsel did not present. Defendant's trial counsel did not object to the date of trial, did not request an adjournment, and did not object to the time that he had to prepare for trial. Defendant does not argue that the performance of his

trial counsel was actually ineffective. Thus, defendant has not demonstrated how a shorter period of time to prepare for trial adversely impacted his defense.

We remand for the ministerial task of correcting of the amount of Jones's restitution. In all other respects, we affirm. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Kathleen Jansen
/s/ Amy Ronayne Krause